(47 App. Div. 526.)

MURTHA et al. v. WILCOX et al.

(Supreme Court, Appellate Division, Second Department. February 6, 1900.)

WILLS—VESTING OF LEGACY.

　　Under a will devising the estate to trustees, directing that they pay $1,-200 a year to testator's father for life, and the balance of the net income equally to three persons; that the trust shall continue till the death of testator's father and one of said three persons reaches majority, and that then the estate be equally divided among said three persons,—the gifts to such three persons vest immediately on testator's death, subject only to the trust.

Submission of controversy on an agreed statement, under Code Civ. Proc. § 1279, between James A. Murtha and another, executors and trustees under the will of W. G. Peirson, deceased, as plaintiffs, and George Wilcox, executor of Martha W. Peirson, and others, as defendants. Judgment for defendants.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Murtha & Tucker, for plaintiffs.

George Wilcox, for defendants.

WILLARD BARTLETT, J. In this controversy we are called upon to construe the will of William G. Peirson, a resident of Brooklyn, who died therein on September 3, 1896. In the first article of his will the testator directs payment of his debts and funeral expenses. The second article is in these words:

"My son William B. Peirson having been an undutiful son to me in many ways, and it being my desire that he receive nothing from my estate other than one hundred dollars, I therefore give and bequeath unto my said son, William B. Peirson, the sum of one hundred dollars."

By the third and fourth articles the testator devises and bequeaths all the rest and residue of his estate, real and personal, to trustees, who are directed to carry on his business of manufacturing cement pipe and bricks until the death of his father, Edward Peirson, whom they are to employ as manager of the said business as long as he

lives and is able and desires to retain such position. By the fifth article the trustees are directed to pay the father of the testator $1,200 a year as long as he lives, whether he be the manager of the business or not. The sixth article directs that the annual profits and net income from the testator's estate, after paying the expenses and the annuity of $1,200 to the father of the testator, shall be paid over by the trustees, one-third to the testator's wife, one-third to his son Edward E. Peirson, and one-third to his grandson William L. Peirson (the son of Edward E. Peirson), or to the guardian of such grandson. The seventh article provides that the trusts contained in the will are to continue until the testator's said grandson, William L. Peirson, shall reach the age of 21 years, or until the death of the testator's father, Edward Peirson, whichever event shall take place last. The eighth article of the will is in these words:

"Upon the death of my father, Edward Peirson, or upon the arrival of my said grandson at the age of twenty-one years, whichever event shall be last, as set forth in the preceding section of said will, I direct that my whole estate be equally and equitably divided among my wife, Martha W. Peirson, my said son Edward E. Peirson, and my said grandson, William L. Peirson."

By the ninth and last article the plaintiffs in this controversy are appointed executors of the will and trustees thereunder. Martha W. Peirson, his wife, William B. Peirson and Edward E. Peirson, his sons, and William L. Peirson, his grandson, all survived the testator. On December 13, 1896, the testator's widow, Martha W. Peirson, died, leaving a will, in which she devised and bequeathed all her estate, with the exception of $100, to her son William B. Peirson, being the son who is described as undutiful in the second article of the will under consideration in the present controversy. Edward Peirson, the father of the testator, upon whose death the trust created by the will was to terminate, died on April 1, 1899, and William L. Peirson, the testator's grandson, died on November 20, 1899, before attaining the age of 21 years. The executors and trustees under the will of William G. Peirson, who are the plaintiffs here, contend that the interest of his widow, Martha W. Peirson, in her husband's estate, was contingent upon her living until the termination of the trust established by the will, and that, inasmuch as she did not live until that time, she took nothing from her husband's estate which could pass under her own will. On the other hand, the defendant George Wilcox, who is the executor under Mrs. Peirson's will, insists that the gift to her vested immediately upon her husband's death, subject only to the trust provided for in the will; and his view as to the legal purport and effect of the testamentary dispositions in question are, not unnaturally, shared by the defendant William B. Peirson, who is the sole residuary devisee and legatee under his mother's will. After his father, who was in any event to have an income of $1,200 a year out of the estate as long as he lived, the objects of the testator's bounty were: First, his wife, Martha W. Peirson; second, his son Edward E. Peirson; and, third, his grandson, William L. Peirson. Each of these persons was to receive one-third of the net income of the estate during the existence of the trust, and when the trust terminated the whole estate was

to be equally divided between them. While the gift is made solely by a direction to divide at a future date, the main purpose of the testator in establishing the trust seems to have been to provide an income for the support of his father as long as his father should live, and to postpone the distribution of the estate until his father should be dead and his grandson should have attained his majority. This postponement, chiefly for the benefit of the father of the testator, to enable the estate to meet the burden of the provision made in his behalf, did not operate to prevent the legacies over from vesting. Coit v. Rolston, 44 Hun, 548; In re Young, 78 Hun, 521, 29 N. Y. Supp. 403, affirmed in 145 N. Y. 535, 40 N. E. 226. Nor did the intervention of the trust have such effect. As in Goebel v. Wolf, 113 N. Y. 405, 415, 21 N. E. 388; the intention of the testator appears to have been to vest at the time of his death an equal share of his estate in his wife, his son Edward, and his grandson, William L. Peirson, subject to the trust during the period specified in the will; the constitution of the trust being a convenient means of carrying out the testator's intention to assure to his father an income and support for life. This construction prevents intestacy, and is, therefore, to be preferred. Shangle v. Hallock, 6 App. Div. 55, 39 N. Y. Supp. 619. It also has the support of the rule that "a remainder is not to be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as vested." Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890. But it is said that the intention of the testator, manifested in the second article of the will, that his son William B. Peirson should receive only the sum of $100, will be defeated by holding that the wife took a vested interest in the share of the estate bequeathed to her, because it turns out that she has willed practically all her property to that son. The intention which we are inquiring after, however, is the purpose of the testator as it existed at the time he made his will with reference to the effect of that will upon his wife and those who were named with her to share in the final distribution of the property under the eighth article of the instrument. If he intended to give her an absolute and immediate interest, the fact that she has transferred that interest to some one who was persona non grata to the testator, cannot make any difference in the proper construction of this will. The facts already mentioned, together with his omission to make any gift over in case of the death of his wife, or his son Edward, or his grandson during the continuance of the trust, satisfy us that he meant to give his wife a vested interest in his estate, which she had power to dispose of by will, as she has attempted to do; and the circumstance that she has bequeathed the property thus acquired to a son whom her husband deemed undutiful is of no more consequence in the determination of this controversy than would be a similar bequest by her to an utter stranger.

The defendants must have judgment in accordance with the views expressed in this opinion. All concur, except HIRSCHBERG, J., who takes no part.