radical repairs or changes in the condition of the premises, by installing ranges, boilers, white enamel basins, and sinks, which improvements were not heretofore in the buildings.

The construction asked by the executors and trustees is not a construction of the will within the purview and meaning of the statute, and I am of the opinion that they will have to act upon their own responsibility in this matter. They are asking, not for a construction of the will, but rather for the instruction and direction of this court as to how to proceed with duties imposed upon them by law when they assumed the responsibilities of executors and trustees.

Application denied.

---

(88 Misc. Rep. 393)

### In re TAPLEY'S ESTATE.

(Surrogate's Court, New York County. December, 1914.)

WILLS (§ 634*)—CONSTRUCTION—INTERESTS BEQUEATHED—NATURE.

Where a paragraph of a will provided that "upon the death of my wife I direct the survivor of my executors to divide the balance of my estate into two equal portions: * * * one * * * I give * * * to my daughter, * * * her heirs and assigns; * * * the other * * * I give * * * to my executor, * * * in trust * * * to pay over the net income * * * to" another daughter for life, and on her death "divide the same between my grandchildren," the remainder interests were vested, and not contingent; the words "upon the death of my wife" merely denoting the time of enjoyment in possession, and not fixing the time of vesting, and the division directed to be made not rendering the remainder interests contingent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

In the matter of the estate of Jessie Fellowes Tapley, deceased. Construction of will arising on an accounting. Decree according to opinion.

Sproull, Harmer & Sproull, of New York City, for surviving trustee.

Watson & Kristeller, of New York City, for Elizabeth H. Jackson and others.

COHALAN, S. Upon this accounting a question of the distribution of the one-half share of the estate given to Jessie Fellowes Tapley, a daughter of the deecased, necessitates a construction and interpretation of the will so as to determine the proper method of distribution. The fifth paragraph of the will is the one before the court for consideration, and that part thereof sought to be construed reads as follows:

"Upon the death of my wife I direct the survivor of my executors to divide the balance of my estate into two equal portions or parts: one portion or part I give, devise and bequeath to my daughter Jessie Fellowes Tapley, her heirs and assigns, forever; the other share or portion I give, devise and bequeath to my executor surviving, in trust nevertheless to invest, reinvest, and keep the same invested and receive the rents, issues and profits thereof, and to pay over the net income or profits therefrom to my said daughter, Elizabeth Henrietta Jackson, during her life, and upon her death divide the same between my grandchildren, Harvey F. Jackson and Elizabeth May Jackson, in equal portions, share and share alike."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jessie Fellowes Tapley, the daughter to whom the one-half remainder interest was bequeathed, predeceased Elizabeth Henrietta Tapley, the widow and life tenant of the testator, leaving a will which was duly admitted to probate by this court, and the question is asked: Did Jessie Fellowes Tapley have a vested remainder interest under the fifth paragraph of the will, so that she might alienate it during her lifetime or dispose of it by will at her death, or was her interest contingent and dependent upon her survivorship over the life tenant?

It is argued that, where a bequest is contained in a direction to pay, divide, or distribute at a future date, time is of the essence of the gift, that the legacy is contingent, and that there can be no vesting until the time fixed for payment. But such a rule of construction will readily yield to the more favored one that the law prefers the immediate vesting of estates upon the death of the testator, although the enjoyment may be postponed. Dougherty v. Thompson, 167 N. Y. 483, 60 N. E. 760; Connelly v. O'Brien, 166 N. Y. 408, 60 N. E. 20. The words "upon the death of my wife" do not fix or determine the time of *vesting*, but simply denote the time of *enjoyment* in possession. In Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890, the will before the Court of Appeals for construction provided as follows:

"All the rest, residue and\ remainder of my estate, * * * I bequeath and devise to my wife, Annette C. Hersee, * * * to * * * enjoy the same with the rents, issues and profits thereof during the term of her natural life, and *from and after her decease* my will is that all my said property be disposed of according to the statutes of the state of New York governing descent of real property and the disposition of personal estates."

And it was there held that upon the death of the testator his heirs took a vested remainder interest in the property, and that the words "from and after," referring to the death of the life tenant, did not render the remainder contingent. See, also, Livingston v. Greene, 52 N. Y. 118; Wooster v. Sage, 67 N. Y. 67; Matter of Young, 145 N. Y. 535, 40 N. E. 226, which are decisions to the same effect.

"Division," as directed by this will to be made at a future date, does not render the remainder interests contingent. For a direction in a will to divide the principal of the estate at a future date, so as to allow a life estate to intervene and to provide income for the support of a widow so long as she shall live, does not postpone the vesting of the remainder interests until after the death of the life beneficiary. Murtha v. Wilcox, 47 App. Div. 526, 529, 62 N. Y. Supp. 481, and cases cited therein.

It is argued that the remainder must be contingent, because this paragraph of the will directs the executors to divide the *balance* of the estate of the testator after provision is made for payment to the widow, the life tenant, of the sum of $2,000 annually from the income of the estate, and if that should prove insufficient to pay this annuity the corpus of the estate could be used for that purpose. It is maintained that there can be no certainty as to the amount or value of the remainder estate until the death of the life tenant, and that therefore there can be no vesting until that time.

In Matter of Gardner, 140 N. Y. 122, 35 N. E. 439, where executors were directed to apply for the benefit, support, and maintenance

of a brother of the testatrix during his lifetime such moneys as they might *think* best, with remainder over to certain beneficiaries, and one of these beneficiaries of the remainder residuary shares died before the life tenant, the Court of Appeals held that his share did not lapse upon his death, for the reason that the residue after the moneys applied for the maintenance and support of the brother of the testatrix during his life vested in the persons named, subject to the life estate. Intestacy in this case would result from a construction holding the remainder interest contingent, and the law favors testacy rather than intestacy. Schult v. Moll, 132 N. Y. 122, 30 N. E. 377. And a remainder is always to be determined as vested, unless it is clearly contingent.

I am of the opinion that these remainder interests bequeathed by the fifth paragraph of the will of the testator are vested, and not contingent; and I so hold.

Decreed accordingly.