In the Matter of the Judicial Settlement of the Account of THE WATERBURY TRUST COMPANY, as Executor, etc., of CHARLES L. HOLMES, Original Trustee Named in the Last Will and Testament, and HENRY S. SEELEY, the Successor Trustee Named in the Last Will and Testament of MARGARET WILMARTH BURDSALL, Deceased.

Surrogate's Court, Westchester County, January 28, 1927.

**Wills — construction — testatrix gave trust estate to sister for life with direction that on said sister's death principal of fund should go to two cousins, share and share alike absolutely — in event either cousin predeceased testatrix or said sister, will directed share of such deceased cousin to be given to said cousin's "lineal descendants"— primary trust was for sister of testatrix and title of cousins in estate did not become indefeasible while beneficiary was living — death of cousins before beneficiary divested title to estate in them — one-half of trust estate passes to lineal descendants of cousin, leaving children surviving her — other half of estate bequeathed to cousin, who died without leaving her lineal descendants surviving, is intestate property.**

A will, by which the testatrix, after giving a trust estate to her sister for life, directed that on said sister's death the principal of the fund should go to two cousins, share and share alike absolutely, and further recited that in the event either cousin predeceased testatrix or her sister, the share of such deceased cousin should go to said cousin's "lineal descendants, share and share alike *per stirpes* and not *per capita*," must be construed as creating a primary trust for the benefit of testatrix's sister and upon said sister's death, but not before, said cousins were to succeed to the enjoyment of the estate, so that their title in the trust estate did not become indefeasible and perfect as long as the life beneficiary lived.

Accordingly, the death of the aforesaid cousins before testatrix's sister divested the title of the trust estate in them, and as a result, one-half of the trust estate passes to the lineal descendants of the cousin of said testatrix, who died leaving her surviving children, while the other half of said estate, which was bequeathed to the other cousin, who died without leaving her surviving lineal descendants, becomes intestate property and goes to the next of kin of testatrix ascertainable under the Statute of Distribution at her decease.

PROCEEDING for an accounting involving the construction of a will.

*Davis, Wagner, Heater & Holton,* for the petitioner.

*Albert Woodruff Gray,* for Herbert A. Shipman and another.

*Seacord, Ritchie & Young,* for Carrie W. Hall and others.

SLATER, S.    Upon this accounting a construction of the will is required.

The last will and testament of the testatrix was admitted to probate May 29, 1917.  The question involved is found in article 3, which is as follows:

" All the rest, residue and remainder of my property and estate of whatever nature and wheresoever situated, I give, devise and bequeath to CHARLES L. HOLMES, of Waterbury; County of New Haven, State of Connecticut, IN TRUST, NEVERTHELESS, for the following uses and purposes:  To hold, manage and control, lease, mortgage, sell and convey, invest and re-invest as in the discretion of said Trustee shall seem for the best interests of said estate, but only in the manner provided by law in the State of Connecticut for the investment of trust funds, the income and profit thereof, together with such portions of the principal as said Trustee in his discretion may deem proper, to be applied to the support and maintenance of my sister EDITH PORTER BURRITT, who resides at Waterbury, Connecticut, for and during the term of her natural life, and upon her death I give and bequeath the principal of this trust fund to my cousins, MARGARET W. CLUSSMAN and KATHERINE ELIZABETH TEMPLE, both of New York City, share and share alike, absolutely.  In the event of the death of either said Margaret W. Clussman or Katherine Elizabeth Temple before my decease, or after my decease, and before the death of my sister, Edith Porter· Burritt, I give, devise and bequeath the share of such deceased beneficiary in my residuary estate to her lineal descendants, share and share alike *per stirpes* and not *per capita;* the same to be to them and their heirs forever."

The two cousins, Margaret W. Clussman and Katherine Elizabeth Temple, living at the death of the testatrix, predeceased Edith Porter Burritt, the life beneficiary.   Margaret W. Clussman, who, at the date of the will was sixty-two years old, a maiden lady, died without lineal descendants.   The children of Clara Clussman Shipman, another sister of Margaret W. Clussman, deceased, contend that Margaret W. Clussman took a vested remainder; while the accounting party contends that the testatrix died intestate as to one-half of her estate, and it passed to the sister Edith Porter Burritt, the heir at law and next of kin.   The life beneficiary died July 4, 1926.

Did the remainder interest in the trust fund vest in Margaret W. Clussman and Katherine Elizabeth Temple in equal shares?  The words of gift, to lineal descendants, in the event of the death of either said Margaret W. Clussman or Katherine Elizabeth Temple, before the death of the life beneficiary were words of

substitution. In the event of their death, their lineal descendants are to be substituted for themselves. (*Matter of Evans*, 234 N. Y. 42.) The primary trust was for Edith Porter Burritt, and upon her death, but not before, the two cousins were to succeed to the enjoyment of the estate. It is the opinion of the court that their title to the trust estate did not become indefeasible and perfect while the life beneficiary was living. Call it vested, or contingent, as you may, it was subject to be divested by their death before the passing of Edith Porter Burritt. The direction to distribute was upon the death of the life tenant and those entitled in remainder take nothing, except as it may pass to them pursuant to the terms of the will. (*Matter of Bostwick*, 236 N. Y. 242.) Where a gift of property is made to take effect in the future upon the termination of intervening life estates and a substitutional gift to others in the event of death, the death referred to will be held to be the death at any time prior to the termination of the life estate. (*United States Trust Co.* v. *Peters*, 180 App. Div. 186; *Matter of Buttner*, 125 Misc. 224; mod. and affd., 215 App. Div. 62; mod. and affd., 243 N. Y. 1; *Weymann* v. *Weymann*, 82 App. Div. 342; *Clark* v. *Cammann*, 160 N. Y. 315.)

Applying this rule, the remaindermen had during their lives an interest in the estate, subject to be defeated by their death prior to the termination of the trust. They took on the condition of survivorship. Upon the ending of the trust term, those who are entitled to take the estate in possession become fixed and certain. Then the vesting is absolute and final.

The substitutional gift was to a class of persons designated by description who were to be ascertained at the death of the trust beneficiary. This in itself tends to show that the testatrix meant to give only to those who were living when the class was to be ascertained. (*Matter of Pulis*, 220 N. Y. 196.) The provision for a substitutional gift also indicates an intent to make survivorship at the time set for distribution of the fund a test of right to participate therein. (*Matter of Evans, supra; Matter of Bostwick, supra; Matter of Leverich*, 125 Misc. 130; *Matter of Wronkow*, 127 id. 679.)

Because Margaret W. Clussman was aged sixty-two years and unmarried at the time of the will-making, and known to the testatrix to be such, is no reason why the testatrix meant substitution for one cousin and something else for the other. We cannot doubt that the same words of use as words of substitution in connection with part of the trust estate were used with like effect in connection with the remaining portion of the trust estate. As the words are the same, so also is the meaning. (*Matter of Evans, supra.*)

The counsel for Carrie W. Hall and others agree with the petitioner that the remainder interest given to Margaret W. Clussman and her lineal descendants should be treated as intestate property, but they disagree as to the time when the intestacy resulted — the date of the death of the testatrix, or the death of Margaret W. Clussman. The intention of the testatrix, if ascertainable from the words of the will, must control (*Matter of Buechner*, 226 N. Y. 440, 444), and, if such intention is not ascertainable, the settled rule of law must apply, that where any part of an estate passes to heirs at law or next of kin by reason of intestacy, the heirs at law and next of kin are to be determined as of the date of the testatrix's death. (*Clark* v. *Cammann, supra,* 328; *Lefevre* v. *Lefevre,* 59 N. Y. 434, 447; *Doane* v. *Mercantile Trust Company,* 160 id. 494; *Simonson* v. *Waller,* 9 App. Div. 503; *Grinnell* v. *Howland,* 51 Misc. 132; *Matter of Brooklyn Trust Company,* 76 id. 110.)

The court cannot find any expressed or implied intention in the words of the will that changes the rule above stated. To pass to the "cloudy region of speculation" of intention and declare what the testatrix may have intended would be rather a hazy guess (*Matter of Bump,* 234 N. Y. 60), in view of the fact that the testatrix substituted the "lineal descendants" of an unmarried woman of sixty-two years of age at the time of the will-making. I should want to find the context of the will with regard to her contemplation as to this particular remainder interest more plainly, clearly and succinctly stated than is worded with regard to the gift to "lineal descendants" of a maiden lady of sixty odd years. There is no incongruity in a life tenant having a vested interest in a portion of the remainder. (*United States Trust Co.* v. *Taylor,* 193 App. Div. 153; affd., 232 N. Y. 609.)

Consequently, one-half part of the trust estate passes to the lineal descendants, the issue, being the children in the case of Katherine Elizabeth Temple. As Margaret W. Clussman had passed out of the picture without leaving her surviving lineal descendants, such one-half part of the trust estate must be treated as intestate property going to the next of kin of the testatrix ascertainable under the Statute of Distribution at her decease, January 4, 1917, represented by the executor of the estate of Edith Porter Burritt as next of kin of the testatrix. (Decedent Estate Law, § 98, subd. 5.)

Decree of construction may be submitted in accordance with this memorandum, and decree of distribution in the accounting proceeding to be submitted on notice to parties appearing.