In the Matter of the Estate of RICHARD J. SOY, Deceased.

Surrogate's Court, Kings County, March 29, 1932.

*Gross & Keck,* for Agnes Mooney Duffy and Rev. James S. Duffy.

*John J. Barry,* for Rev. J. L. Belford, as executor, etc.

*Charles H. Kelby,* for the petitioners.

*Charles M. McCarthy,* for residuary legatees.

*Edward J. McCrossin,* for St. John's Roman Catholic Orphan Asylum Society of the City of Brooklyn.

*Daniel McNamara, Jr.,* for petitioner Finn.

*Frank B. York,* for Sisters of St. Joseph.

WINGATE, S. The question of construction here presented is as to whether the "divide and pay over" rule or one of its many exceptions is to govern the interpretation of the will at bar. The testator died on October 21, 1906, and the will was admitted to probate on the twelfth of the following month.

Its "fifth" item, which gives rise to this application, devised the premises 356 Union street, Brooklyn, to the executor in trust for the following purposes:

"(1) To lease, collect and receive all the rents and income of said house and premises.

"(2) To pay all taxes, assessments, interest on mortgage, premiums on fire insurance policies and all other proper and just expenses in the care and management of said property.

"(3) To pay the balance of said rents and income remaining in the hands of my said executor to my said daughter Mary C. Soy for and during her natural life, and upon the death of my said daughter Mary C. Soy I direct and authorize my said executor to sell and dispose of said house and lot No. 356 Union Street at public or private sale for the best price and terms as my said executor may in his judgment deem proper, and to divide, dispose of and pay out the monies so received on such sale as follows:

"(a) Five thousand dollars to the Rev. James Duffy, now pastor of St. Agnes' Roman Catholic Church, situated corner of Sackett and Hoyt Streets, in the said Borough of Brooklyn and County of Kings  *  *  *."

Disposition of the remaining portions of the principal was made, in like manner, by twelve additional lettered subparagraphs, to the following person and institutions:

(b) $1,000 to Mary Casey, who is known in religion as Sister Mary Claire.

(c) $500 to the House of the Good Shepherd.

(e) $500 to the Little Sisters of the Poor.

(f) $500 to St. Vincent's Home.

(g) $500 to St. Vincent's De Paul's Society attached to the Church of St. Agnes.

(h) $500 to the Sisters of the Precious Blood.

(i) $500 to St. John's Hospital.

(j) $500 to the Convent of Sisters of Mercy.

(k) $500 " to Lena Hartman an employee of mine for several years."

(l) $2,000 equally to James Finn and George Finn, " both residing at St. Francis College."

(m) $500 to " friend " Edward M. Van Buren.

The real property constituting the trust *res* was converted in May, 1921, pursuant to a general power of sale contained in the seventh item of the will. The life tenant, Mary C. Soy, died intestate on June 22, 1931.

The pertinency of the question of whether the remainder gifts in the fifth item were vested or contingent, arises by reason of the fact that Rev. James Duffy, mentioned in subdivision " (a)," died in 1918; James Finn, named in " (l)," died in 1923, and Edward M. Van Buren, designated in " (m)," died in 1912, having in 1907 assigned his benefit to St. Joseph's Convent. If these gifts were contingent they obviously lapsed and passed under the residuary item of the will, while if they were vested, they did not.

As has been so frequently noted by this and other courts, the question of the interpretation of the will, being one of the intent of the particular testator in the use of the words employed, is one upon which previous adjudications are of negligible assistance in reaching a solution, except in so far as they purport to enunciate general principles. (*Matter of McCafferty*, 142 Misc. 371, and cases cited; *Matter of Leonard*, 143 id. 172.)

The " divide and pay over " rule is merely a canon of construction which courts sometimes apply in an effort to arrive at an understanding of testator's desires. (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 583; *Matter of Leonard*, 143 Misc. 172.) While the genesis of this canon is obscure, it is clearly stated, with two of its recognized exceptions, in *Matter of Crane* (164 N. Y. 71, 76). The first exception there noted is that " if the postponement

of the payment is for the purpose of letting in an intermediate estate, then the interest shall be deemed vested at the death of the testator and the class of legatees is to be determined as of that date, for futurity is not annexed to the substance of the gift." The same thought, in essence, is expressed in *Dougherty* v. *Thompson* (167 N. Y. 472, at p. 486): "If the postponement is simply for the benefit or convenience of the estate, that indicates that the gift itself is not intended to be postponed, but that it is not presently payable, and it will be more convenient to pay it after an intermediate or trust estate has expired." That there are many other exceptions to the rule is familiar knowledge to all who have had any occasion to deal with the subject. Chief Judge CULLEN said in his dissenting opinion in *Dickerson* v. *Sheehy* (209 N. Y. 592), "the rule has many exceptions, and in fact it may be fairly said that it is a rule more honored in the breach than in the observance." However this may be, a reading of the multitudinous decisions involving the question demonstrates that it is no sure and controlling criterion for decision.

Any attempt at review of the cases involving refusals to apply the rule would be a labor of Herculean proportions, wholly incommensurate with the resulting benefit. It is the belief of the court that the single exception noted is, on the language of this will as a whole, decisive of the present controversy.

Without attempting to generalize on a subject which is obviously incapable of such a process, it is, for present purposes, sufficient to note that the remainder gift in the fifth item of the present will falls squarely within the definition of a vested estate found in section 40 of the Real Property Law. All parts thereof were allocated to named individuals who were, at the death, fully competent to take and whose several benefits involved no testamentary desire for postponement other than the wish to have the fund from which they were to be paid used for the support of testator's daughter for life. The language and reasoning of Mr. Justice THOMAS, writing for the court in the Second Department decision of *Matter of Lamb* (182 App. Div. 180; affd., 224 N. Y. 577), is most convincing on this subject.

With the possible exception of *Wright* v. *Wright* (225 N. Y. 329), which is clearly distinguishable in the manner indicated in *United States Trust Co.* v. *Taylor* (193 App. Div. 153, at p. 159; affd., on opinion below, 232 N. Y. 609), the court concurs with the statement found at page 186 of the *Lamb* case: "There is brought to attention no instance where the direction was to pay at the death of the life beneficiary to a named adult person competent to take, and the gift was held not to vest at the testator's death, unless

there were other evidence of such intention. I do not venture to assert that such an instance does not exist, but my examination, made with considerable, although may be insufficient, industry, fails to reveal it. I cannot but think that, if there is such an instance in this State, counsel should have brought it to the attention of the court."

On the other hand, there are a multitude of adjudications in the books holding that where the remaindermen are specified *nominatim*, their interests become vested on the death of the testator in spite of the fact that the only words of gift respecting them are contained in a direction to divide and pay over. Among the many cases which have so decided may be cited *Matter of Gardner* (140 N. Y. 122, 129); *Matter of Young* (145 id. 535, 537, 538); *Matter of Traver* (161 id. 54, 57); *Roosa* v. *Harrington* (171 id. 341, 353); *McLean* v. *McLean* (207 id. 365, 375); *Shangle* v. *Hallock* (6 App. Div. 55, 58); *Carr* v. *Smith* (25 id. 214, 216; affd., 161 N. Y. 636); *Murtha* v. *Wilcox* (47 App. Div. 526, 529); *Matter of Yerks* (107 id. 240, 242); *United States Trust Co.* v. *Taylor* (*supra*); *Matter of Pauley* (28 Misc. 273, 274); *Kunhardt* v. *Bradish* (39 id. 103, 104); *Matter of U. S. Trust Co.* (78 id. 227, 236, 237); *Matter of Tapley* (88 id. 393, 395); *Matter of Lotz* (92 id. 683, 688); *Matter of McQueen* (99 id. 185, 191).

The conclusion seems inescapable that, under circumstances such as are here disclosed, the canon of construction or policy of law, whichever it is to be called, that an estate is to be construed as vested rather than contingent, is to be preferred to an application of the " divide and pay over " rule. (*Matter of Rossiter*, 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583.)

The court, therefore, determines that the remainder gifts of the trust in question became vested at the death of the testator and consequently did not lapse by reason of the deaths of the specified remaindermen prior to the life tenant.

Proceed accordingly.