In the Matter of the Estate of CATHERINE MATHEWS, Deceased.

Surrogate's Court, Nassau County, March 14, 1935.

*Clarke & Frost,* for the surviving trustee.

*Gillespie & O'Connor,* for the executrix.

*John R. Niesley,* for the executor.

HOWELL, S. The testatrix devised and bequeathed all her residuary estate after payment of debts and funeral expenses to her executors in trust to pay the net income to her husband George Mathews during his life — " and at his death to divide the principal between my two sons, William W. Mathews and John J. Mathews, equally share and share alike, the issue of any deceased child to take the parent's share. It is my wish that during his lifetime, my said husband as one of the Executors, shall be allowed to collect and receive all the rents of any real estate of which I may die seized, to oversee and according to his own discretion make such repairs and change in the rentals, and in all respects to act as the life tenant thereof, without any obligation to confer with my other Executor and Trustee relative to the same; he may also lease any part of said real estate at his discretion, for a term of three years, and leases signed by him alone shall be sufficient, and I hereby expressly relieve said other trustee from any responsibility relative to the rents and repairs upon my real estate."

The remaindermen, the testatrix's two sons, William W. Mathews and John J. Mathews, were in being when the will was made and survived the testatrix. John J. Mathews, however, predeceased the life tenant George Mathews and died without issue. The question presented is whether his remainder of the residuary estate of the testatrix was a vested one so that it passed under his will.

There are no present words of gift of the remainder to John J. Mathews. The only provision is to be found in the direction to divide the corpus of the trust at the death of the life tenant between the two sons, William W. Mathews and John J. Mathews.

Where in the will there are no words of present gift and the gift is to be found only in a direction to divide or pay over at a future time so that futurity is annexed to the substance of the gift, the vesting is suspended. This is the so-called " divide and pay over " rule. It is merely a canon of construction, however, applied in an effort to answer the primary question, namely, the testator's intention. (*Matter of Crane*, 164 N. Y. 71; *Wright* v. *Wright*, 225 id. 329; *Matter of Soy*, 143 Misc. 217; *Matter of Hopner*, 148 id. 748; affd., 242 App. Div. 652.)

On the other hand, it is and always has been the general policy of the law to favor such a construction of a will as will vest an estate at the earliest possible moment. (*Dougherty* v. *Thompson*, 167 N. Y. 472; *Matter of Chalmers*, 264 id. 239.)

It would seem clear, therefore, that if the gift over of the remainder in this will were merely to be found in a direction to divide and pay over at the death of the life tenant to testatrix's children, the so-called " divide and pay over " rule would be applicable and the remainder contingent. (*Clark* v. *Cammann*, 160 N. Y. 315; *Matter of Gurlitz*, 134 Misc. 160.)

However, even in a case where there are no present words of gift, and the only words of gift are found in a direction to divide or pay over in the future to the remaindermen, if the remaindermen are specified by name, their interests will vest at the death of the testator in spite of the fact that the only words of gift are directions to pay over or divide in the future. (*Matter of Banker*, 223 App. Div. 496; affd., 248 N. Y. 596; *Matter of Soy, supra*, 221, and authorities there cited.)

Consequently, had the present will set up a trust of the residuary estate for the benefit of the husband, George Mathews, for life, with a direction to the trustees at the death of George Mathews to divide the principal between the testatrix's two named sons, William and John, under the authorities the two named sons would have taken vested remainders. The difficulty is presented by the fact that the direction is to divide the corpus not only between the

two named sons, William and John, but " the issue of any deceased child to take the parent's share." It is equally clear that the testatrix intended the division to take place only upon the death of the life tenant. The clause above quoted is obviously a substitutionary clause and can mean only that in the case of the death of the son John J. Mathews, for example, his issue are to take the share which he would have taken had he survived. It cannot be said that this clause refers to the death of the son John J. Mathews prior to the death of the testatrix, for the general rule is well established that where the disposition of property devised over in case of death is preceded by a prior estate for life or years, the death which is contemplated is a death occurring during the period of the intervening estate. (*Matter of Farmers' Loan & Trust Co.,* 189 N. Y. 202, 207; *McLean* v. *McLean,* 207 id. 365, 376; *Matter of Burdsall,* 128 Misc. 582, 584, and authorities there cited; affd. on opinion of Surrogate SLATER, 221 App. Div. 756.)

Hence the death referred to in the present will is the death of John J. Mathews during the lifetime of the life tenant, George Mathews, and it is as if the will had read, " I give my residuary estate to my executors in trust to pay the net income to my husband George Mathews during his life and I give the principal of the trust at his death to my two sons, William W. Mathews and John J. Mathews, in equal shares, but in the event that either of said sons shall die during the lifetime of my husband George Mathews, I give the share of such son so dying to his issue."

The distinction may clearly be shown by a comparison of the cases of *Matter of Gurlitz* and *Matter of Burdsall* (*supra*). In the *Gurlitz* case the testatrix gave a life estate to her husband and directed that upon his death the property be equally divided " among my children." There the situation was exactly within the decision in *Clark* v. *Cammann* (*supra*), the gift being found only in a direction to pay to a class at a future time, futurity being annexed to the substance of the gift so that vesting was suspended.

In the *Burdsall* case, on the other hand, the trust was for the life of testator's sister Edith, with a gift over of the remainder upon her death to the testator's two cousins by name, thus coming within the rule above stated that where the remaindermen are specified by name, although the gift of the remainder be found in words directing division in the future, the remainders vest at testator's death. But in the *Burdsall* case, as in the instant case, there was a substitutionary gift over of the remainders in the event of the death of either of the named cousins during the lifetime of the life tenant, the substitutionary gift over being to such deceased remaindermen's lineal descendants *per stirpes*.

A quite similar situation was presented in *McLean* v. *McLean* (*supra*). The testator there devised certain real property to his wife for life with a substitutionary provision that if she should die during the lifetime of testator's children, the property should be divided between testator's children, John and Katy, and "should any or either of these children die, the portion belonging to such deceased child shall revert to the next of kin." The court held that by next of kin the testator meant the next of kin of the deceased child and said: "This seems simple. There is a complete testamentary disposition by a life estate to the wife with vested remainders to the two children simply postponed in enjoyment till the death of the mother, which in the first instance was naturally enough contemplated as liable to occur before that of the children. But the testator appreciated that the natural contingency might not, as it did not happen, and, therefore, he provides for the opposite contingency, that the children, one or both, might die during the lifetime of the mother and wills that in this event ' the portion belonging to such deceased child shall revert to the next of kin.' That is, that the next of kin by substitution shall take the place of the deceased child as to its interest by remainder in the real estate of which the mother had a life estate and the words ' next of kin ' naturally and without doubt mean the next of kin of the child whose case was being considered and for whom substitution was being made.

"Some argument is made that this substitutionary devise is predicated on a death of the children during the life of the testator, but this cannot be sustained. Independent of the very plain meaning of this clause, the general rule is that where the disposition of the property devised over in case of death is preceded by a prior estate for life or years, the death which is contemplated is one occurring during the period of the intervening estate. (*Matter of Farmers' Loan & Trust Co.*, 189 N. Y. 202, 207.)

"Applying this construction to the facts which arose, the result appears to be perfectly plain. John died first, unmarried and intestate, and his next of kin under this provision became vested absolutely in remainder with his half interest, for there is no provision for any further or second substitution as to the interest of John than the first one that it should go to his next of kin " (pp. 375, 376).

In the instant case, however, there is a further difficulty. In the *McLean* case the substitutionary gift over in case of the death of either of the primary remaindermen was to the next of kin of the remaindermen so dying. Consequently there could be and was no failure of the substitutionary gift over. In the instant

case, however, the substitutionary gift over is not to the next of kin of the son dying during the lifetime of the life tenant but to his issue. The son John J. Mathews died during the lifetime of the life tenant leaving no issue. Consequently it seems that exactly the same situation is here presented as occurred in *Matter of Burdsall* (*supra*). A remainder in one-half of the corpus of the residuary estate vested at the death of testatrix in the son John J. Mathews. Had he died during the life of the life tenant leaving issue, the remainder would have vested immediately in his issue. However, the remainder which vested in the son John J. Mathews at the death of the testatrix was subject to be divested in the event that he should die during the life of the life tenant leaving no issue. In the happening of that contingency, there is no provision in the will for a gift over and to that extent there would be an intestacy.

The result in the present case, therefore, is that the remainder in one-half the residuary estate which vested in the son John J. Mathews at the death of the testatrix subject to be divested by his death without issue during the lifetime of the life tenant, was divested by the actual happening of that contingency with the result that one-half of the residuary estate passed to the heirs at law and next of kin of the testatrix as in the case of intestacy.