In the Matter of the Estate of JAMES MURPHY, Deceased.

Surrogate's Court, Orleans County, October 23, 1935.

*David A. White*, for Bridget Murphy, petitioner.

*Frederic M. Thompson*, for Herbert S. Olmsted, executor.

*LeRoy J. Skinner*, special guardian for the next of kin and heirs at law, as a class, of James Murphy, deceased, at the time of the death of Bridget Murphy.

*Cornelius C. Haitz*, special guardian for the next of kin and heirs at law, as a class, of Bridget Murphy at the time of the death of Bridget Murphy.

HARCOURT, S.   This is a proceeding for the construction of the will of James Murphy, deceased.   Testator died on the 26th day of March, 1935, leaving a last will and testament executed on the 15th day of March, 1935, and admitted to probate in Orleans County Surrogate's Court on the 8th day of May, 1935.   Said will contained the following clause, a construction of which is asked: "All the rest, residue and remainder of my property, I give, devise and bequeath to my Executor, hereinafter named, in trust, nevertheless to pay the income therefrom annually, or oftener, to my wife, during the term of her natural life.   Upon the death of my

said wife said residue shall be distributed in accordance with the laws of the State of New York."

Testator left him surviving his wife, Bridget Murphy, the petitioner herein, two first cousins, Lizzy Dockery of Medina, N. Y., and Mary Hennessy of Gowran, Ireland, and numerous second cousins. Stipulations were entered into between counsel by which it was stipulated that James Murphy, the testator, was born on the 14th day of June, 1860; that the petitioner, Bridget Murphy, was born on the 29th day of July, 1856, and that testator and petitioner were married on the 4th day of September, 1934; that said testator left him surviving no children, parents, brothers or sisters, uncles or aunts, nieces or nephews, but did leave him surviving his widow, the petitioner herein, the two first cousins above mentioned and numerous second cousins. No testimony was taken.

The petition for probate of said last will and testament contains a statement that said estate consists of personal property in excess of the sum of $10,000 and real property in excess of the sum of $7,000.

It is contended by the petitioner and by the special guardian of the heirs at law and next of kin of said petitioner, that she not only is beneficiary of the trust, as provided by the above clause of the will, but that she also became vested with the entire estate upon the death of the deceased; that the intent of the testator, determined from said will, is that the estate vested in his distributees at the time of his death and that she being the sole distributee the entire estate vested in her at that time. It is not claimed by petitioner that she is entitled to the immediate possession of said estate but that the possession thereof is postponed until her death.

The executor and the special guardian for the heirs at law of James Murphy, said deceased, claim that the vesting of the estate is postponed until the death of said Bridget Murphy, the *cestui que trust*, and that at that time the estate would be distributed among the distributees of testator, then existing, in accordance with the statutes of the State of New York.

The intentions of the testator must govern the construction of this will and must be gathered from a reading of the will as a whole. This rule is so well established that it seems unnecessary to cite authorities. Did testator intend to give the income of his entire estate to his wife during her life and at the same time cause a vesting of the principal in her at the time of his death? I do not think so. If this had been his intention he would have expressed it in suitable terms. By his will testator adequately provided for his wife during her life and at the same time protected his will against any right of election by her to take her intestate share.

Under the statute she might withdraw $2,500 from the principal of the trust fund but otherwise the will would remain effective. (Dec. Est. Law, § 18, subd. 1, ¶ [b]; *Matter of Rich*, 149 Misc. 843.)

It must be presumed that the testator knew that petitioner would be his sole distributee in case of intestacy, and that she would receive his entire estate in that event; he saw fit, however, to execute this will which gave to her only the life use of his estate. It must be, therefore, that he did not wish his wife to enjoy the principal without restriction, giving to her the power to alienate the same. If this is a fair interpretation of his intention, then it is illogical to assume that he intended that his entire estate should be distributed among the distributees of his wife. It is much easier to believe that he would give his property to his wife outright than it is to believe that he would restrict her to the use of it only and give it to the objects of her bounty. If it had been testator's intention that the distributees of his widow should enjoy his estate he would have said so. If the contention of petitioner is to prevail then the fund is to be distributed among strangers to his blood. To adopt this construction would be at variance with the rule that where a will is capable of two interpretations that one should be adopted which prefers those of blood of the testator to strangers. (*Matter of Rooker*, 248 N. Y. 361, 364; *Matter of Hopner*, 148 Misc. 748; *Wood* v. *Mitcham*, 92 N. Y. 375, 379, 380.)

The residuary clause contains no direct words of gift but merely a direction that upon the death of the wife the residue shall be distributed in accordance with the laws of the State of New York, and falls within the line of authorities of which a leading case is *Delaney* v. *McCormack* (88 N. Y. 174, 183), where the court said: " But there is no gift to the next of kin and no language importing such a gift, except in the direction to convert the real estate into money and then make distribution; and in such a case the rule is settled that time is annexed to the substance of the gift and the vesting is postponed."

This has been referred to as the " divide and pay over " rule and which has been reaffirmed in numerous authorities. It is a canon of construction and is to be applied to ascertain testator's intent. But if the remaindermen are specified by name the rule does not apply and their interests will vest at testator's death. (*Matter of Mathews*, 154 Misc. 779; *Matter of Banker*, 223 App. Div. 496; affd., 248 N. Y. 596; *Matter of Soy*, 143 Misc. 217, 221.)

In this will no persons were designated by name; the fund was to be distributed in accordance with the laws of the State of New York, and in such a case the vesting is in those persons who are capable

of taking at the time of distribution. (*Teed* v. *Morton*, 60 N. Y. 506; *Delaney* v. *McCormack, supra; Schmidt* v. *Jewett*, 127 App. Div. 376; affd., 196 N. Y. 486; *Matter of Westchester Trust Co.*, 173 App. Div. 403.)

I find, therefore, that it was the intention of the testator that petitioner should have the income from his estate during life and that at her death the principal of said estate is to be distributed among the distributees of James Murphy, deceased, in accordance with the laws of the State of New York.

Let decree be entered accordingly.