In the Matter of the Estate of MARGARET B. MONAHAN, Deceased.

Surrogate's Court, New York County, May 3, 1939.

*Ronald K. Brown,* for the executors and trustees.

*Edward K. Kennedy,* for Frederic Jay Wells and Bank of New York, as executors, etc., of Laura Jay Wells, respondent.

*Parker & Duryee* [*Robert M. Benjamin* and *Davidson Sommers* of counsel], for the respondent, Mary Rutherford Jay.

FOLEY, S. This is an application by the trustees for a construction of the will. The testatrix died on September 15, 1933, at the age of eighty-one leaving a will executed May 12, 1932. By the seventh paragraph of her will she left her entire residuary estate in trust for her friend, Alberta W. Laighton, for life. The tenth paragraph of the will provides:

" *Tenth.* Upon her death, whether she die before or after me or at the same time as I, I give the rest, residue and remainder of my estate as follows: * * *

" 5. Three-sevenths of the remainder to each of my second cousins, Mary Rutherford Jay and Laura (Mrs. Frederick) Wells; or if either of them shall not live to become entitled to said legacy, the six-sevenths to go to the survivor."

The life tenant, Alberta W. Laighton, and the two remaindermen, Mary Rutherford Jay and Laura Jay Wells, all survived the testatrix. Laura Jay Wells died on June 21, 1938. The life tenant of the trust died on September 27, 1938. Mary Rutherford Jay is still living. The parties have stipulated the following facts: The life tenant, Alberta W. Laighton, was seventy years old at the date of death of the testatrix; Mary Rutherford Jay was sixty-one years old and Laura Jay Wells was fifty-nine years old at that time.

The question is squarely presented as to whether or not the gifts of the remainder in the tenth paragraph of the will are contingent or whether the remainder vested in the two named remaindermen at the date of the death of the testatrix.

The trustees propose to pay six-sevenths of the remainder to Mary Rutherford Jay on the theory that the gift to Laura Jay Wells failed because of her death prior to the death of the life tenant, making the gift over to the survivor of the two remaindermen effective. The executors of Laura Jay Wells contend that the remainder vested on the death of the testatrix and that the estate of the deceased remainderman is entitled to three-sevenths of the remainder. The trustees and Mary Rutherford Jay contend that the gift of the remainder was subject to divestiture by death during the continuation of the trust.

The language of this particular will which causes the difficulty is the clause " or if either of them shall not live to become entitled to said legacy, the six-sevenths to go to the survivor."

There appears to be a dearth of precedent in this State as to the interpretation of the word " entitled " or the phrase " become entitled to." *Matter of Weaver* (253 App. Div. 24; affd., 278 N. Y. 605), cited by counsel for the estate of Laura Jay Wells in support of the contention that the remainder vested at the death of the

testatrix, is not in point here. There the testator created a trust and directed that on the death of the life tenant the principal of the trust should become part of the residuary estate. The residuary clause in that will was absolute in form. It directed that the residuary estate be divided equally among three sisters of the testator and then provided " the child or children of a deceased sister to take the share the mother would be entitled to." The three sisters survived the testator. The gift of the residue was outright in form and the residuary legatees took the property passing thereunder at the date of the testator's death. One of the sisters died prior to the termination of the trust, the remainder of which reverted to the residuary estate. As this sister was given an outright bequest of one-third of the residue and had already received part of the residue the court held that the remainder of the trust vested at the testator's death. Although counsel in that case stressed the interpretation of the word " entitled," it is obvious that the interpretation of that word was not controlling in the determination of the court.

In support of the contention that the remainder is vested there have been cited the familiar cases that the law favors the vesting of estates. There have also been cited the cases enunciating the principle that the provisions of a will disposing of a remainder, which refer to the death of a remainderman, refer to death in the lifetime of the testator. The court is cognizant of all of the cases cited and recently had occasion to review them in *Matter of Evans* (165 Misc. 752). None of the cases cited is in point here. A simple illustration of the rule that death referred to in the gift of a remainder is death in the lifetime of a testator, is a gift to A for life and upon his death to B, or if B be deceased to his heirs. This is wholly different from a gift of a remainder to two persons " or if either shall not live to become entitled to said legacy    *    *    * to the survivor." The phrase " shall not live to become entitled " is prospective and imports futurity. In *Matter of Merrill* (208 App. Div. 649; affd., 239 N. Y. 517) the testator provided, " If any legatee shall have died before he or she shall have been entitled to recieve the legacy, according to the terms of my will, then the same shall lapse and revert to and form a part of the residuum of my estate." The will also provided that no legacy should be paid until one year after the death of the testator. The Appellate Division held that the language employed should be given its ordinary current meaning and that, in accordance with the testator's intention, the death of the legatee, subsequent to his death but prior to the time for payment of the legacy, caused a lapse and that the legacy to the one dying reverted to the residuary estate. This

determination was affirmed by the Court of Appeals without opinion.

In *Matter of Gates* (239 App. Div. 666) the testator created a life estate to continue for two lives. On the death of the last life tenant he gave one-half of the remainder to a grandson and then provided " should he be living, but should his death occur before the vesting of the legacy herein given and bequeathed to him " the remainder was then given to others. The grandchild survived the testator but died before the life tenant. In holding that the remainder was contingent and was divested by the death of the remainderman prior to the termination of the life estate the court stated (at p. 670): " The presumption is not that the words of survivorship referred to the time of testator's death but that the words of contingency (' should he be living ') refer to the event which would determine the life estate." While these two cases are not exactly in point, the language and reasoning employed appear to be applicable to the present situation. In each of these cases the court stresses the fact that the intention of the testator is paramount and that all rules of property and canons of construction are subordinate thereto. In *Matter of Gates* (*supra*), the gift over was only to take effect if the remainderman should die before the " vesting of the legacy." This phrase more readily imports vesting at death than the language of the present will.

The language of Judge CARDOZO in *New York Life Ins. & Trust Co.* v. *Winthrop* (237 N. Y. 93, 103) in interpreting the word " vesting " is in accord with the English interpretation of the word " entitled." Judge CARDOZO stated " when we speak in this connection of the vesting of an interest, we mean, of course, a vesting that is absolute and final."

The rule appears to be well settled in England that the word " entitled " means " entitled in possession." In *Maunder* v. *Maunder* (L. R. 1902, 2 Ch. 875; affd., L. R. 1903, 1 Ch. 451) the remainder of a trust was given to the grandchildren of the testatrix. The will provided further " and in the event of either of my grandchildren dying before becoming entitled to any share of my estate " the share of such deceased grandchild was given to his children or in default thereof to the surviving grandchildren. The court stated (at p. 878): " I am of the opinion that the word ' entitled ' means ' entitled in possession,' and that the clause in question may take effect at any time during the lifetime of the preceding tenant for life."

In *Turner* v. *Gossett* (34 Beav. 593) the gift of the remainder was to named individuals with the provision that in case any of them should die " before they should severally become entitled." to the share of the remainder, such shares to go to others. The court

stated (at p. 594): "I think that by these words the testator meant, 'before they become entitled in possession to the receipt of the money.'" There was a similar holding in *Chorley* v. *Loveband* (33 Beav. 189). (See, also, 3 Jarman on Wills [7th Eng. ed.], p. 2118.)

The surrogate is aware that the trend of authorities is to hold an estate vested wherever possible but in no case have our courts held an estate vested in the face of a clearly indicated intention to create a contingent remainder. (*Matter of Buechner*, 226 N. Y. 440.) The language of the present will, when interpreted in its ordinary sense, clearly indicates that the testatrix intended futurity and contingency in making a gift of the remainder. In accordance with this expressed intention and with the authorities above cited I hold that the remainder did not indefeasibly vest in the two named remaindermen on the death of the testatrix and that the entire six-sevenths of the remainder is now payable to Mary Rutherford Jay.

Submit decree on notice construing the will accordingly.