Van Voorhis, J.
Testator Herman Krooss, whose will was probated April 9,1932, without creating a trust, gave the residue of his estate to his widow, with directions to use the income for her own purposes, and to invade the principal, if in her judgment necessary, for her support and maintenance. Upon her death, which occurred March 13,1950, testator had made the following directions:
“ Upon the death of my beloved wife, Eliese Krooss, I then give, devise and bequeath all the rest, residue and remainder of my estate, as well real as personal, and wheresoever situate, to my beloved children, John H. Krooss and Florence Maue, nee Krooss, share and share alike, to and for their own use absolutely and forever.
‘ ‘ In the event that either of my children aforesaid should die prior to the death of my beloved wife, Eliese Krooss, leaving descendants, then it is my wish and I so direct that such descendants shall take the share their parent would have taken if then living, share and share alike, to and for their own use absolutely and forever.”
Testator’s daughter, Florence Maue, died before her mother, testator’s widow, leaving a husband but no descendants. This proceeding has been instituted to obtain a construction of the will. The dispute concerns whether the one-half remainder interest vested in the daughter at the time of testator’s death, subject to being divested only in event of her predeceasing her mother leaving descendants, or — as appellant claims — whether whatever interest in the remainder belonged to her, to her estate or to her descendants was subject to the condition that she or descendants of hers should survive her mother. The Surrogate has adopted the first of these alternatives, and has construed the will to mean that the estate of the daughter, Florence K. Maue, is entitled to one half of the remainder, although she *396 died before the life tenant without leaving descendants. This results in her share in the remainder going to her surviving husband.
In construing the will in this manner, the Surrogate was undoubtedly actuated by the line of authorities adopting canons of construction favoring the vesting of future estates and avoiding intestacy, nevertheless, as was stated in Dougherty v. Thompson (167 N. Y. 472, 483), quoted in Matter of Gates (239 App. Div. 666, 669): “ But when the intent is clearly otherwise and not violative of any statutory restriction, it must prevail. The intention is the paramount rule of construction.”
Searching for testator’s intent in this will, the real question is whether he intended half of the remainder of his estate, after the death of his widow, to pass to his son-in-law. A frequent reason for holding that a future estate has vested, is that the testator is not lightly to be construed to have intended to disinherit grandchildren whose parent has predeceased the life tenant, where grandchildren are not expressly covered by the will. Such a situation was presented in the leading case on early vesting (Moore v. Lyons, 25 Wend. 119,124), in which the court quoted from Wimple v. Fonda (2 Johns. 268), that “it is unnatural to suppose the testator meant to disinherit the posterity of those dying first.” In the instant case there could be no disinheriting of grandchildren, since descendants are expressly provided for to the exclusion of in-laws. The cases which have been called to our attention, in which the courts have gone farthest in applying the rule favoring vesting, under circumstances bearing some resemblance to the facts in the case at bar, are Matter of Bolton (282 N. Y. 728); Connelly v. O’Brien (166 N. Y. 406), and Matter of Schaefer (160 Misc. 43). On the other hand, there are cases indicating a different trend from that followed in those decisions (Lawrence v. Calam, 236 N. Y. 168; Matter of Bostwick, 236 N. Y. 242; Matter of Gates, 239 App. Div. 666; Matter of Burdsall, 128 Misc. 582, affd. on opinion below 221 App. Div. 756; Matter of Mathews, 154 Misc. 779; Matter of Monahan, 171 Misc. 648). The latter decisions are not based upon future estates involving division and distribution among a class whose members are to be ascertained at the conclusion of a life estate (the so-called divide and pay over rule), but they hold, nevertheless, that under wills more or less similar to the present testament, futurity has been annexed to the substance of gifts although made to designated persons in being (cf. Matter of Watson, 262 N. Y. 284).
*397 In Matter of Burdsall, for instance, the will directed that ‘ ‘ In the event of the death of either said Margaret W. Clussman or Katherine Elizabeth Temple [remaindermen] before my decease, or after my decease, and before the death of my sister, Edith Porter Burritt [lifetime beneficiary], I give, devise and bequeath the share of such deceased beneficiary in my residuary estate to her lineal descendants * * Both remainder-men died before the life beneficiary, one but not the other leaving lineal descendants. The Surrogate’s Court held (128 Misc. 582) that upon the death of the lifetime beneficiary half of the remainder passed to the children of the deceased remainderman who left children, but that testator died intestate as to the other half of the remainder. That determination was affirmed on the opinion of the Surrogate (221 App. Div. 756), which cited eases favoring the early vesting of estates, but found a countervailing intention to have been expressed in this language of the will. Survivorship by the remaindermen or their descendants at the time of the death of the life beneficiary, was held to have been imposed as a condition essential to the inheritance under the will of any remainder interest in the estate. Almost identical holdings were made in Matter of Mathews (154 Misc. 779, supra), where the portion of the remainder similarly involved was also held to pass by intestacy, and in Matter of Monahan (171 Misc. 648, supra). In the latter case the share of the remainderman who predeceased the life tenant was held to go to the sole surviving remainderman.
In the present case, the language of the will that l i In the event that either of my children aforesaid should die prior to the death of my beloved wife, Eliese Krooss, leaving descendants, then it is my wish and I so direct that such descendants shall take the share their parent would have taken if then living ” indicates that, as in the decisions just cited, this testator meant to require survivorship of the remaindermen or their descendants, at the time of the death of the life tenant, as a condition of taking. He expressly prevented his son-in-law from benefiting from any share in his estate if his daughter predeceased his widow leaving descendants; it is improbable that he intended his son-in-law to take all of his daughter’s share, in event that it fell out that she died leaving no descendants to bind him to the family.
The will should be construed as imposing the condition of survival of Ms remaindermen, or their descendants, at the time of the death of his widow, the life beneficiary, and testator *398 should be held to have died intestate as to the share in the remainder which his daughter, Florence Mane, or her descendants, would have taken upon surviving the life beneficiary.
The order appealed from should be modified so as to construe the will in accordance with this opinion, with costs to appellant and respondent payable out of the estate.
Peck, P. J., Glennon, Dore, and Shientag, JJ., concur.
Order unanimously modified in accordance with the opinion herein, and, as so modified, affirmed, with costs to the appellant and the respondent payable out of the estate. Settle order on notice.