In the Matter of the Estate of Norbert Gunzburger, Deceased.

Surrogate's Court, New York County, May 9, 1962.

*Buchter, Rathheim, Abrams & Hoffman* for Herbert Winter, as trustee, petitioner. *Saperston, McNaughton & Saperston* for Tony Gunzburger and another, as executors of Heinrich Gunzburger, deceased, respondents. *Lawrence Berenson*, respondent in person, and for Emil Despres and another, as executors of Delia R. Gunzburger, deceased, respondents. *Joseph Salleck*, as special guardian for Judith H. Weil and others, infants, respondent. *Louis J. Lefkowitz, Attorney-General (Margaret D. Hazel* of counsel), for Gowanda State Hospital, respondent.

S. Samuel Di Falco, S. The decedent died July 5, 1916, leaving a last will and testament which was duly admitted to probate in this court. In clause Fifteenth of his will the testator created a trust of his residuary estate for the benefit of his wife.

Upon the death of his wife the residuary estate was to be divided into seven parts. As to one part subdivision (f) of clause Fifteenth provides as follows: "One of said equal shares or parts, I give, devise and bequeath to my brother Heinrich Gunzburger, absolutely. In the event of the death of my said brother prior to my death, then I give the said share or part to his issue in equal shares, per stirpes and not per capita. If my said brother, Heinrich, does not leave any issue him surviving, then I direct the share or part which he would have taken, if living, to be equally divided amongst my surviving brothers and sisters and their issue, per stirpes and not per capita."

The testator was survived by his wife and his brother, Heinrich Gunzburger, among others. Heinrich Gunzburger died during the life of testator's wife survived by his wife and two adult children, one of whom is an incompetent. The two adult children of Heinrich Gunzburger survived the testator's wife.

A question of construction arises as to the disposition of that part of the residuary estate devised to Heinrich Gunzburger.

The testator made no provision in his will with respect to the disposition of the gift to Heinrich Gunzburger in the event he predeceased the life beneficiary. The implication is that the testator intended the gift to be absolute or vested. (2 Davids, New York Law of Wills, § 966.) This conclusion is further supported by the fact that the gift is to a named adult person competent to take. (*Matter of Lamb*, 182 App. Div. 180, affd. 224 N. Y. 577; *Matter of Soy*, 143 Misc. 217 and the authorities there cited.) The share of the residuary estate represented by subdivision (f) of clause Fifteenth of the will is payable to the executors of the estate of Heinrich Gunzburger. (*Matter of Gardner*, 140 N. Y. 122; *Matter of Mathews*, 154 Misc. 779; *Matter of De Winter*, 130 N. Y. S. 2d 485.)