◼ ETHEL BROWN et al., Appellants, v. HUGH BULLOCK et al., Respondents. — Order and judgment affirmed, with costs to the respondents. Concur — Eager, Steuer and Bergan, JJ.; Breitel, J. P. and Stevens, J. dissent in part and vote to modify to the extent of striking the words " with prejudice " from said order and judgment. (See *Brown* v. *Bullock,* 17 A D 2d 424.)

◼ In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Executor of LANGDON K. STORM, Deceased Trustee, and as Surviving Trustee of the Trust Created by the Will of JULES P. STORM, Deceased, Respondent. MARGUERITE I. NEWTON et al., Appellants; and ENID K. STORM et al., Respondents.— Resettled decree of the Surrogate's Court insofar as appealed from reversed, on the law, with costs payable from the estate to all parties filing briefs, and the third decretal paragraph of the resettled decree is replaced by the following: " Ordered, adjudged and decreed that the true construction and effect of Article Tenth of the Will of Jules P. Storm, deceased, is that the one-fifth remainder interest given to Allston E. Storm vested in him upon the death of the testator subjected to being divested if said Allston E. Storm should predecease Jane L. Storm; and Allston E. Storm having died on June 26, 1961, leaving no issue surviving, and prior to the death of Jane L. Storm, the property constituting said one-fifth remainder interest should be paid by way of intestacy upon the termination of the trust to the distributees of said Jules P. Storm." Although the gift to Allston E. Storm would appear to have vested upon the death of the testator (*Matter of Krooss,* 302 N. Y. 424) we conclude that Allston's death prior to that of the life tenant effected a divestiture of such gift. We construe the language employed to mean that the failure of Allston to survive the life tenant is alone sufficient to effect such a result. Divestment does not depend on the further condition that at the time of the death of the life tenant there be issue of Allston surviving. This construction would appear to be mandated by the holding in *Matter of Burdsall* (128 Misc. 582 affd. 221 App. Div. 756) and by the discussion of such holding in *Matter of Krooss,* (*supra*) wherein Burdsall is cited with approval. The language here to be construed is literally and substantially more akin to that employed in the *Burdsall* case than to that used in *Matter of Gardner* (12 A D 2d 477) where a contrary result was reached. Concur — Breitel, J. P., Rabin and Steuer, JJ.; Stevens and Eager, JJ., dissent and vote to affirm on the authority of *Matter of Krooss* (302 N. Y. 424) and *Matter of Gardner* (12 A D 2d 477). Settle order on notice.