(1 App. Div. 512.)

### GASQUET et al. v. POLLOCK et al.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

DEVISE IN TRUST—INSANE PERSON—ACCUMULATED INCOME.

Where a share of an estate was bequeathed in trust, to be invested, and the income therefrom applied to the use of an insane daughter during her life, and, on her death, the said share was to go to her children, the trustees were obliged to pay over to the committee of said daughter the whole income from said share, including the accumulations thereof, and not only so much thereof as was necessary for her maintenance.

Appeal from special term, New York county.

Action by Francis J. Gasquet and others as trustees, against Louis M. Pollock and others, for an accounting. There was a judgment in favor of defendants, and plaintiffs appeal. Affirmed.

The action was brought for an accounting by plaintiffs, as trustees under the will of Evelyn G. Marshall. The testatrix had three daughters, one of whom was of unsound mind. By her will the testatrix divided her estate into three equal parts. She gave to the daughters of sound mind each an undivided one-third of her estate, and she gave the remaining one-third of her estate to the plaintiffs, in trust for the benefit of the daughter of unsound mind, by the following language: "The remaining one of said three shares I give and bequeath to my executors, in trust, nevertheless, to be invested and kept invested, and to collect and receive the income therefrom, and apply the sum to the use of my daughter Maria during her natural life, and upon her death to assign, transfer, and set over the said share to her children, if any," etc. A committee has been appointed of this daughter of unsound mind, and is a party defendant in this action. The income upon this trust fund has accumulated in the hands of the trustees, beyond the immediate necessities of this daughter, to the amount of $100,000 and upwards. The decree herein ordered such accumulated income to be paid over to such committee. From this provision in the decree this appeal is taken, the trustees claiming that they are entitled to retain all accumulation of income from this fund in their hands until the death of this daughter.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and INGRAHAM, JJ.

Welcome S. Jarvis, for appellants.

J. Frederic Kernochan, for respondents.

WILLIAMS, J. It will be observed that by the will only the one-third share of the estate itself was given, after the death of this daughter, to her children, etc. The income therefrom was directed absolutely to be applied to the use of the daughter. There was no discretion given the trustees to apply to her use a part only of the income, nor as much as her needs required, nor as much as, in the judgment of the trustees, she needed. The whole income was given to the daughter, and she is entitled to have it all. The fair construction of the language used in the will is that the income shall be paid over, as it accrues, to the daughter. The words "applied to the use of" are equivalent to the words "paid over to." See Leggett v. Perkins, 2 N. Y. 297; Moore v. Hegeman, 72 N. Y. 376. If the daughter was of sound mind, she would be entitled to have the income applied to her use by having it paid over to her as it accrues. Being of unsound mind, she is represented by her committee, who is entitled to have the accumulated income paid over to him.

The decree was, therefore, correct in the respect complained of, and should be affirmed, with costs to respondents to be paid out of the fund. We think, under the circumstances, no costs should be allowed against the appellants. All concur.