(30 Misc. Rep. 156.)

### DAVISON v. TAMS et al.

(Supreme Court, Special Term, New York County. December, 1899.)

1. TRUSTS—TERMINATION—TRUSTEE—ACCOUNTING.
    Where a trustee had the greater part of a trust fund, consisting of personal property, in his possession, and no prudential reasons were shown why he should not have possession of the remainder, he was permitted to make an accounting and distribution of the whole fund, notwithstanding the purpose of the trust had ceased, and the title to the fund vested by operation of law in the cestuis que trustent.

2. RELEASE—DELIVERY—INTENT—BURDEN OF PROOF.
    Where an instrument purporting to release a claim was delivered, the burden of proving that it was not delivered with the intent that it should take effect absolutely rests on the party attacking it.

3. SAME—RECITATION—PROMISE TO PAY—EFFECT.
    A clause in a release that it was understood that the grantee was to pay the grantor a certain sum of money did not amount to an exception or a condition precedent to the operation of the release.

4. SAME—TRUST FUND—CESTUIS' INTEREST—PLEADING AND PROOF.
    Where a release was given to a trustee of all grantor's interest in the trust fund, the same inured to the benefit of the cestuis que trustent, and not the trustee individually, and hence the trustee was not obliged to plead or rely on the release in an action between himself and parties claiming an interest in the trust fund.

5. SAME—TRUST DEED—CONSTRUCTION.
    Where property was conveyed in trust, a certain sum from the income to be paid monthly during grantor's lifetime to his daughter, and the balance to himself, and on his death the principal and any accumulated income to go to the daughter, and the grantor neglected to take the balance of the income remaining after payment to the daughter, such balance was the accumulated income contemplated by the grantor, and passed to the daughter after grantor's death.

Bill by Charles Stewart Davison, trustee, against Blanche E. S. Tams and others, for an accounting. Decree in favor of complainant.

Lord, Day & Lord (Austen G. Fox, of counsel), for plaintiff.
J. Langdon Ward and Henry W. Hardon, for defendants.

GILDERSLEEVE, J.   The plaintiff, as sole surviving trustee, seeks in this suit to account, and, in connection therewith, asks for the direction of the court touching the disposition of the trust fund. By a tripartite deed dated September 13, 1892, between Eugene G. Cruger, of the first part, Meta K. Cruger, his wife, of the second part, and Stephen V. R. Cruger and the plaintiff, of the third part, Eugene G. Cruger transferred to the parties of the third part certain personal property, consisting of mortgages, bonds, and cash, in trust to manage and invest, and, after deducting all taxes, commissions, and necessary expenses incurred in the execution of the trust, to pay annually, in equal monthly installments, to Angele Cruger, the daughter of the parties of the first and second parts, her executors and administrators, during the life of the party of the first part, $1,200 out of the income; to the party of the first part all the surplus income over $1,200 directed to be paid to Angele Cruger; and, on his death, to pay and transfer the principal of the trust fund and any accumulated income to his daughter Angele; or, if she was not then living, to pay and transfer the principal and any accumulated income of the trust to such persons (other than her mother, the party of the second part) as would be entitled thereto under the statute of distributions of this state in case she should die intestate.   There were other contingencies by which the direction of the fund, on the death of Eugene G. Cruger, was to be determined, but, as it is conceded that they never happened, it is unnecessary to state them.   Angele Cruger died September 21, 1896, leaving, her surviving, her father, Eugene G. Cruger, her mother, Meta K. Cruger, and three brothers and sisters, children of her father by a former wife, now Blanche E. Tams, viz. Bertram, Frederick, and Violet, all infants.   Eugene G. Cruger died April 4, 1898, intestate, leaving, him surviving, his wife, Meta K. Cruger, and the three children before mentioned, his next of kin.   On February 13, 1890, Mrs. Tams was appointed general guardian of the three children in question.   On June 30, 1898, letters of administration of the estate of Eugene G. Cruger were issued by the surrogate of New York county to Blanche E. Tams.   The active duties of the trust were performed by Stephen V. R. Cruger, the plaintiff's co-trustee, through his firm, S. V. R. Cruger & Co., up to the time of his death, June 23, 1898, and the trust fund, excepting certain bonds, and $12,123.23 in cash received from S. V. R. Cruger & Co., is now in the possession of Julie Cruger, the executrix of the will of S. V. R. Cruger.   The trust fund consists of bonds, mortgages, and cash, and all that part of the income arising therefrom which was not paid to either Angele Cruger or to her father, Eugene G. Cruger, during their lives.   No part of the surplus income was ever paid to Eugene G. Cruger, for what reason does not appear.   The share of Angele Cruger in the income of the fund was paid to her until July 1, 1896, about three months before her death.   On August 31, 1898, Meta K. Cruger, individually and as administratrix of

Angele Cruger, deceased, executed to the plaintiff an instrument under seal, and expressing a valuable consideration, whereby she released and discharged him, individually and as trustee, from all claims and demands by reason of the trust here in question, to enable him to pay over the trust fund directly, without further accounting, to the administratrix of Eugene G. Cruger and guardian of his surviving children (who are the same children already referred to), and from all claims and demands for any sums of money or other benefits arising out of the trust, either as to principal or income.    The final clause in this instrument is as follows:

"It being understood that the said Charles Stuart Davison, as such trustee, is to pay to me, in my individual capacity, a sum of money, at the rate of $100 per month, covering the period between the last quarterly remittance made to me by him for and on account of the support of the said Angele Cruger during her life and the date of her death."

The plaintiff's position is that he alone, as survivor of S. V. R. Cruger, is entitled to the possession of the trust fund for distribution among the persons entitled to it under the statute of distribution, for which purpose he claims the trust, by its terms, continued after the death of Eugene G. Cruger.    The position of Mrs. Tams, as administratrix of Eugene G. Cruger, and as guardian of the children in question, is that the trust ceased absolutely on the death of Eugene G. Cruger, and that thereupon the trust fund, by operation of law, immediately vested in those children, leaving the plaintiff nothing to do touching its distribution, and that there is therefore no need for the plaintiff to account; also, that the release from Meta K. Cruger to the plaintiff operated to give Mrs. Tams, as administratrix of Eugene G. Cruger and guardian of her children, the principal of the trust fund and all accumulations of income. Mrs. Cruger's position is that the instrument of release given by her to plaintiff never became operative, for the reasons: (1) It was made on the condition that the plaintiff should pay her, as administratrix of Angele Cruger, deceased, the income due to her at the time of her death, which he has not paid.    (2) That it was made for the purpose of securing a settlement of the debts of the parties out of court, which has not been effected.    She also claims that the instrument affects and interests no one except the plaintiff, and that he has not pleaded nor relied on it in this cause.    These grounds will be referred to further on.

Inasmuch as the plaintiff has received, in the payment of moneys made to him by the firm of his deceased co-trustee, upwards of $12,000, which is a considerable part of the entire trust fund, and for which he must account, and as no prudential reason has been suggested why he should not have possession of the remaining part of the fund, I think he ought to be permitted to distribute the fund pursuant to the direction of the trust deed, and make one accounting of his disposition of the entire fund.    Watkins v. Reynolds, 123 N. Y. 217, 25 N. E. 322, and other cases of the same class, holding that, when the purpose of a trust ceases, the estate of the trustee terminates, and, by operation of law, the title immediately vests in the cestui que trust,—as, for instance, in the case of a testamentary

devise, where the will passes the title by force of its provisions,—relate to realty. But in the case of personalty, while the title may pass by operation of law and the force of the instrument granting the property, delivery is essential to the union of title and possession in the beneficiary, and I think the plaintiff, as trustee, should make such delivery in this case. The plaintiff ought not to be denied an opportunity to account, now that the construction of the trust deed is before the court, and its direction for the proper disposition of the fund is sought by him. The persons entitled under the statute of distributions to the trust fund are to be ascertained as of the date of the death of Eugene G. Cruger, and they are such persons as were the next of kin of Angele Cruger at that time. Mr. Cruger, evidently, had in contemplation the possibility of a distribution of the fund after his daughter's death leaving children, and, possibly, grandchildren; for the deed speaks of the descendants of Angele's children, and the settlor uses the expression, "per stirpes, not per capita," when referring to them. If he had had in mind only the "children" of his daughter Angele, in the restricted sense of that word, the use of the expression, "per stirpes, not per capita," as applied to them, would have been meaningless. It is true that the signification usually given to the word "children" excludes grandchildren, but the rule is not invariable nor universal. In this view of the trust deed, if Angele had died before her father, leaving children or descendants of children who might be entitled to take the trust estate, they could not be finally ascertained until the death of her father.

When Eugene G. Cruger died, April 4, 1898, Angele's next of kin were her father, her mother, and Bertram, Frederick, and Violet Cruger. The father, upon the daughter's death, was entitled to her whole personal estate. That consisted, in part at least, of about $270, due to her under the terms of the trust deed for unpaid annuity, which accrued between July 1, 1896, the date of the last payment to her, and September 21, 1896, the date of her death, a period of about 3 months, and a claim for the annuity which accrued between her death and the death of her father, April 4, 1898, a period of 1 year 6 months and 13 days, amounting (subject to correction) to about $1,850. This was her own property, constituted assets of her estate, and passed to her representative. Savery v. Dyer, 1 Amb. 139; Morgan v. Williams, 66 How. Prac. 139; Gasquet v. Pollock, 1 App. Div. 512, 37 N. Y. Supp. 357; Hendricks v. Hendricks, 3 App. Div. 604, 38 N. Y. Supp. 402; Montanye v. Montanye, 29 App. Div. 377, 51 N. Y. Supp. 538.

If the release given by Meta K. Cruger to the plaintiff is inoperative, she, as Angele's administratrix, would be entitled to this portion of the income, and Eugene G. Cruger, as the father of Angele, being entitled in his lifetime to all of Angele's estate as her next of kin, would have been entitled to the same as distributee; but, he being now dead, it would go from Angele's administratrix to Blanche Tams, as the administratrix of his estate, for distribution, in which Meta K. Cruger, as the wife of Eugene G. Cruger, would participate to the extent of one-third, two-thirds going to the children. The

exclusion of Mrs. Cruger from any interest in the trust fund would not affect her right to share in this unpaid income, though derived from the trust fund. It passed to Mr. Cruger as next of kin of his daughter, as a part of her estate eliminated from the trust, and became a part of his estate, in which his wife, by the statute, could share. It therefore becomes necessary to consider the force and effect of the release executed by Meta K. Cruger to the plaintiff, August 31, 1898.

As already stated, this instrument in terms released to the plaintiff all claims which Meta K. Cruger held individually, or as administratrix of Angele Cruger, to any part of the principal or income of the trust fund. If this release is to be allowed, all the effect claimed for it by Blanche Tams, as administratrix of the estate of Eugene G. Cruger, the whole trust fund and accumulation of income must go to the three children of Eugene G. Cruger, as his next of kin.

Regarding the release, two questions arise: (1) Was the instrument delivered with the intent that it should take effect? (2) If so, what effect is to be given to it?

I think the evidence is sufficient to prove, prima facie, that the release was delivered to the plaintiff, and to cast upon him the burden of showing that it was not delivered with the intent that it should take effect absolutely, and this he has not done. Mrs. Cruger's counsel does not claim that the instrument was never delivered, but insists that it is inoperative for other reasons. The intent of the instrument is expressed on its face. It was to release the plaintiff, as trustee, from any claim Mrs. Cruger might have, individually or as administratrix of her daughter Angele, to the trust fund and income, and to enable him to distribute the fund to the administratrix of Eugene G. Cruger and to his three children.

The paper is absolute in terms, and contains no defeasance. The last clause of the paper, providing for the payment by the plaintiff to Mrs. Cruger of that part of the income which accrued to Angele's estate between July 1, 1896, and the date of her death, has not the force of an exception, nor of a condition precedent to the operation of the instrument. It is, at most, an independent stipulation, the nonperformance of which cannot prevent the operation of the release. I must hold that the release is valid and operative; that, although it runs to the plaintiff alone, it must be held to inure to the benefit of the cestui que trust. The object for which it was made was not to benefit the plaintiff by transferring anything to him, nor did it purport to do so, but to release him, so far as Mrs. Cruger could, from his obligation, whatever it was, to her. The effect was to release certain claims upon the trust fund, and thus enlarge the fund to be distributed. If this view of the release is correct, it is not essential that the plaintiff should have pleaded or relied on it at the trial. He has no right to repudiate it or waive it. It would be inconsistent with his character as trustee to take any benefit from it, and he is bound to account to the cestui que trust for any advantage derivable from it. Of course, it is not my intention to intimate that the release was given or received

with any view to the benefit of the plaintiff. There is no reason to suspect anything of that sort. The release being valid and operative, the result is that the principal and accumulated income must go to the children, Bertram, Frederick, and Violet.

The interpretation of the words "accumulated income," occurring in the trust deed, must be gathered from the instrument at large. When Eugene G. Cruger died, there was due to him considerable amount of surplus income over and above the amount paid or due to Angele, his daughter, none of which, it seems, he ever received. The question arises whether this unpaid surplus income should go to his administratrix or to the next of kin of his daughter Angele (other than her mother), namely, the three children of Blanche and Eugene G. Cruger. Effect must be given to the words "accumulated income." There was no direction to accumulate the income, yet the settlor evidently contemplated the possibility of such an accumulation. Whence could it arise, except from his neglect to take his part of it during his life or by accumulation during the period which should elapse between the death of Eugene G. Cruger himself and the settlement of the trust estate? The latter source of income was probably not contemplated by the settlor. The fact that he allowed the surplus income to accumulate during the entire period of his life is significant of a purpose thereby to increase the fund for the benefit of his daughter, who might survive him, or of her next of kin, who may be supposed to have been equally dear to him. It could not arise from Angele's neglect to take her annuity, as she took that as a beneficiary under the trust deed. When due, it became her individual property, and at her death passed to her administratrix. Savery v. Dyer, Morgan v. Williams, Montanye v. Montanye, supra. The accumulated income thus became a part of the corpus of the fund, and must go with it to the persons entitled to it, under the terms of the trust deed, as next of kin of Angele Cruger, viz. the three children already named.

The general guardian must give a bond in accordance with section 2830 of the Code. All questions relating to the propriety of paying a transfer tax and the liability of the trustee for interest are matters of inquiry in the first instance on the accounting. The question of the trustee's commissions and of costs will be reserved until the plaintiff shall have passed his account. Submit on notice, decision, or findings in accordance with this opinion.

Ordered accordingly.