In the Matter of the Estate of SAMUEL A. KNAPP, Deceased.

Surrogate's Court, Westchester County, October 20, 1936.

*Cavanaugh & Konrad*, for the petitioners.

*Wingate & Cullen* [*J. Courtney McGroarty* of counsel], for Harriet Pendleton Burt, as general guardian of Elizabeth Pendleton Burt.

*J. Leo O'Brien* [*Harold Swain* and *J. Leo O'Brien* of counsel], for Edna M. Sweeny, committee of Ella M. Knapp, an incompetent, and special guardian for Ella M. Knapp.

*Charles J. Marasco*, special guardian for Elizabeth Pendleton Burt.

SLATER, S. The decedent's will was made on July 18, 1933. The third paragraph of the will gives, devises and bequeaths one-half of the rest, residue and remainder of the real and personal property in trust to invest and reinvest, to receive and collect the

rents, income and profits thereof and to pay over and deliver the same to the wife, Ella M. Knapp, " who is now an inmate of the New York State Hospital for the Insane, at Poughkeepsie, New York, and if no committee is appointed for the property of my said wife, or until such committee is appointed, I direct that such payments be made from the income, earnings and profit as may be necessary for the support and maintenance of my said wife, and that the balance thereof be held for her benefit until a committee of her property is appointed, or until her death, and an administrator of her estate is appointed, at which time, such accumulated income and earnings shall be paid over and delivered to such administrator, if not theretofore paid over and delivered to a committee of her said property." Upon the death of the wife the trustees are directed to pay the corpus over to his niece, Grace Odell Burt, and, in the event of her death before the death of the wife, to pay the principal of said trust fund to the descendants of the said niece.

The decedent died June 10, 1935, at which time he was the committee for his wife, who is now seventy-six years of age. A new committee in the person of Edna M. Sweeny was appointed on September 6, 1935. The present committee on December 12, 1935, filed a notice of election on behalf of the incompetent, rejecting the provisions made for the incompetent and electing to take the intestate share in the decedent's estate, pursuant to section 18 of the Decedent Estate Law.

The committee now contends (1) that the trust provisions contained in the will for the incompetent are invalid in that they do not create a legal trust; (2) that, even if the trust is a valid trust which is set up now in accordance with section 18 of the Decedent Estate Law, it does not preclude the widow's right of election; (3) that, under section 18 of the Decedent Estate Law, the trust which the testator must set up for the widow's benefit must be in an amount equal to, *or greater* than, the share of the testator's property which the widow would have taken in case of intestacy, and that there has not been a compliance with this.

I hold that, so far as the real property is concerned, a valid legal trust was created. Regarding the personal property, a valid and conventional trust was created. (*Brown* v. *Spohr*, 180 N. Y. 201, 209; Jessup-Redfield, §§ 486, 1003-b.)

I further hold that the provisions of the will for the incompetent widow preclude her from exercising her right of election. The testator has set aside all that was required to be set aside under the law for the benefit of the surviving spouse. (*Matter of Rich*, 149 Misc. 843; affd., 242 App. Div. 613; *Matter of Murphy*, 157 Misc. 5.)

I further hold that the will is not violative of any of the conditions advanced in *Matter of Curley* (245 App. Div. 255; affd., 269 N. Y. 548).

The provisions of the will for the wife do not make directions for accumulation. The testator was concerned with the method of payment for the protection of the widow. The income was always hers. Here we find no "whittling down." The will, neither expressly nor by implication, directs an accumulation of the income. The trustees are simply custodians of the income while the incompetent is without a committee.

Proceed accordingly.