In the Matter of FLORENCE B. ZIEGLER, Appellant; FRITZ ZIEGLER, as Executor of OTTO H. ZIEGLER, Deceased, et al., Respondents.— The Surrogate found on conflicting evidence that the lawyer for the estate was not acting as attorney for the widow and that no active fraud was practiced upon her. The Surrogate found and the evidence clearly established that the widow was familiar with the extent of the estate. The evidence, however, also clearly established that the appellant was not aware of her right to exercise an election or of the time within which she should act. She testified that she did not know and had not been informed and the lawyer for the estate says he did not inform her. In view of the social relations of the lawyer, the appellant and the decedent before the decedent's death, and between the lawyer and the appellant after that time, it is understandable that the appellant might mistakenly believe that the lawyer was under a duty to advise her of her rights. He might well have done so. The relationship had the effect of obstructing or delaying inquiries by her elsewhere as to her rights. Since appellant within twenty-two days from the expiration of her time to elect moved to have her default opened, the circumstances indisputably evidenced a sufficient showing of "reasonable cause," within subdivision 7 of section 18 of the Decedent Estate Law, to require that the appellant be relieved from her default, especially as no accounting had been filed at that time and the administration of the estate would not have been prejudiced. There is no basis in this record for the strictures of the appellant in respect of the learned Surrogate. The record shows that appellant's counsel was at fault in his attitude toward the court and that the Surrogate was extremely indulgent toward him. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

SAMUEL LEVITEN, Respondent, v. JOSEPH REISMAN et al., Appellants.— Former section 55-a of the Insurance Law (Cons. Laws, ch. 28) does not bar the maintenance of this action. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.