In the Matter of ABBIE M. RIDGE, Petitioner, against FRANK E. FELT, as Substituted Trustee under a Trust Indenture between GEORGE H. AHRENS and FRANK E. GIFFORD, Respondent.

Supreme Court, Suffolk County, January 9, 1945.

*Alexander H. Rockmore* for petitioner.

*John Goodrum Miller* for respondent.

HOOLEY, J. This is an application by petitioner, the life beneficiary of an *inter vivos* trust, for an order directing the trustee to pay over to her certain undistributed accumulations of income, as of December 31, 1943, amounting to $745.06. The application is made pursuant to article 79 of the Civil Practice Act. The corpus of the trust in question is the invested sum of $50,000. The trustee concedes that he has in his hands the amount of income hereinbefore specified but asserts that the same is subject to unpaid 1943 commissions of $98.42, and that the balance thereof is subject to some portion of unpaid legal fees incurred in the defense of the case of *Ridge* v. *Felt*, which action was commenced by petitioner in the Supreme Court and carried through the Appellate Division (*Ridge* v. *Felt*, 267 App. Div. 777), and in which action the petitioner was unsuccessful.

Article 79 aforesaid, while comparatively new, has in no manner changed the general principles of law applicable to

the payment of income. It merely provides for a summary method to bring about relief instead of subjecting the parties to more cumbersome methods theretofore necessary for such purpose. There is no rule of law that each year a trustee must strip himself to the last dollar of income to pay the same over to the *cestui que trust*. It may well be that charges which subsequently appear would make these payments improper. In *Matter of Bloomingdale* (172 Misc. 218) the court recognized that an executor might retain certain reserves out of accrued income for debts and further administration expenses although the will provided that surplus net income was required to be paid to a definite beneficiary. True, a trustee may not legally accumulate income which ultimately belongs to the *cestui que trust,* but such trustee is entitled to retain in his hands any amount which is reasonable and proper to meet expected debts or charges. This court is not at this time able to determine that the funds retained by the trustee as of December 31, 1943, are more than sufficient to meet the expenses mentioned by such trustee. Motion denied without prejudice to a renewal thereof at any time that it becomes apparent that there is an actual excess of income for the year 1943 belonging to the *cestui que trust* in the hands of the trustee.