In the Matter of the Estate of JOSEPH GELTMAN, Deceased.

Surrogate's Court, Bronx County, March 7, 1949.

*David Stein* for Henrietta Geltman, petitioner.

*Joseph Kozinn* for Saul Geltman and another, individually and as administrators *c. t. a.* of Joseph Geltman, deceased.

HENDERSON, S. This is an application by the testator's widow to be relieved of her default in filing a notice of election under section 18 of the Decedent Estate Law.

The testator died a resident of Bronx County on the 11th day of January, 1948, leaving a will which was admitted to probate on the 12th day of March, 1948. Letters of administration *c. t. a.* were issued to his three children.

The pertinent portions of the testator's will in favor of the widow are as follows:

" Eighth: Of the net estate * * * remaining after the payment of the funeral bills and after the deduction of my just debts and the administration expenses and the payment of any Estate Tax, I give * * * to the trustee * * *, the intestate share to which my beloved wife, * * *, is by law entitled, in trust nevertheless, * * *

(b) * * * as permitted and provided by Section 18 of the Decedent Estate Law of the State of New York and my said trustee is hereby directed * * * to pay or apply the net income realized therefrom to the use of my said wife * * * during her lifetime and upon her decease, to pay over * * * the principal and any unpaid income to my * * * daughter * * * and sons * * * absolutely and forever.''

No decree judicially settling the accounts of the said administrators *c. t. a.* has been made.

The widow contends that the above-mentioned provisions contain restrictions and limitations which, if approved, would not give her the full intestate share required by statute. Those limitations, she states, are as follows:

(a) The will provides that in determining the value of the trust, all estate taxes be first deducted, instead of apportioning such taxes.

(b) The trustee is permitted to pay or "apply" the net income, thereby giving the trustee the right to make payments to others than herself and depriving her of the absolute control of the income to which she is entitled.

(c) Upon her death the trustee is to pay over the principal and "any unpaid income" to the children, thereby depriving her estate of the unpaid income, if any, to which it would be entitled.

The widow alleges that the administrators *c. t. a.* are withholding a substantial portion of the income payable to her and that if they are permitted to continue this course of conduct, a considerable accumulation of "unpaid income" will go to the remaindermen upon her death.

She gives as her reasons for failing to file the notice of election within the six months limited by statute, the belief that her sons, the present administrators *c. t. a.*, compelled by filial ties, would be more generous; that they would not withhold any moneys to which she was legally entitled and would voluntarily resolve any doubtful question as to the construction of the will in her favor. As a result of their conduct she feels that she should now be permitted to demand and receive outright her full share in intestacy which, she contends, should be given to her as a result of the foregoing provisions of the will.

Under subdivision 7 of section 18 of the Decedent Estate Law, an application to relieve a default must show reasonable cause. Whether or not a petitioner complies with this requirement presents a question which is submitted to the sound judicial discretion of the Surrogate (*Matter of Zweig*, 145 Misc. 839, 854). In the exercise of that discretion this question should be considered in the light of the rights, if any, granted to the petitioner under the statute by reason of the provisions of the testator's will. If by reason of such provisions the minimum benefits required by the statute have been conferred, it seems clear that the application should not be granted.

The provision of the will with respect to the payment of estate taxes follows the language of paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law which states that the words "intestate share" as used in the section shall in no event be construed to mean more than one half of the net estate after the deduction of debts, funeral and administration expenses and any estate tax.

It has been held that this language sets forth the rule that for the purpose of the computation of a spouse's intestate share,

deductions of estate taxes must be made in ascertaining the net estate (Beechler on Elections Against Wills, §§ 101, 105; *Matter of Oakley*, 175 Misc. 463). On the other hand it has been determined that the section does not prescribe a formula for such a computation but merely fixes a limitation on the total amount payable and therefore the estate taxes need not be deducted (*Matter of Goldsmith*, 177 Misc. 298).

The administrators *c. t. a.*, the only other persons financially interested in the trust, through their attorney concede that in computing the widow's intestate share only the amount of estate tax allocable to the trust should be deducted.

The widow cannot quarrel with this concession. It is in accord with the testator's express desire that she receive the intestate share to which she is " by law entitled ". Anything less than her intestate share would not entitle her to outright payment but would limit her solely to the relief afforded by paragraph (f) of subdivision 1 of the statute.

The directions to the trustee to pay or " apply " the net income place no limitation upon the widow's rights.

There is no indication in any part of decedent's will that he intended to make a technical distinction between these two legal forms of distribution of the income of trusts (*Matter of Connolly*, 71 Misc. 388). There is no direction either express or implied for the accumulation of the income, which in this case would be illegal; nor is there any indication that the trustee shall act at any time as a custodian of such income (*Matter of Knapp*, 161 Misc. 202). Nowhere does it appear that in the use of such income the trustee is required to exercise discretion or judgment. In these circumstances the widow is entitled to have the whole income paid to her during her entire life. The word " apply " is equivalent to a direct gift (*Gasquet* v. *Pollock*, 1 App. Div. 512, affd. 158 N. Y. 734).

Any question with respect to the rights of the remaindermen to any " unpaid income " will be determined after the widow's death, if any issue with respect to such income arises.

The petition of the widow must therefore be denied. The reasons assigned by the widow for her delay are without merit. The language of decedent's will is plain and unambiguous and the court could not change it on the theory of a construction.

Settle order.