In the Matter of the Estate of BESSIE KUPOFSKY, Deceased.

Surrogate's Court, Kings County, November 30, 1951.

*William Rosenblatt* for Louis Kupofsky, petitioner.

*Abraham Passman* for Minnie Passman, individually and as executrix of Bessie Kupofsky, deceased, and others, respondents.

RUBENSTEIN, S.   The court is asked to validate the service and filing of a notice of election by the surviving spouse to take against the testatrix' will as more than six months have elapsed since the issuance of letters testamentary (Decedent Estate Law, § 18, subd. 7) and the time to make such election was not enlarged by an order.

The will was probated on June 20, 1950.   Service of a copy of the notice of election was made upon the executrix on June 19, 1951, and proof of such service and the notice of election were filed on June 20, 1951.   The spouse by petition dated, sworn to, and filed on June 20, 1951, seeks an order to open his default

and enlarge his time for making an election, and, based thereon, an order to show cause was granted and made returnable on August 2, 1951. The order required that service thereof be made prior to July 30, 1951, upon the executrix and two legatees who would be affected by the grant of the relief sought. They were all served on July 16, 1951.

The filing of the petition, it is contended, was the commencement of a proceeding (Surrogate's Ct. Act, § 48). The day of its filing marked the expiration of twelve months since the issuance of letters (General Construction Law, § 20; *Metropolitan Life Ins. Co.* v. *Schmidt,* 299 N. Y. 428), and beyond which date the court could not open the spouse's default (*Matter of Goldstein,* 176 Misc. 366). Section 48 of the Surrogate's Court Act further provides that '' In any case where the time in which to begin such proceeding is limited, * * * an order to show cause, on such petition must, within sixty days thereafter, be issued and be served ''. That provision is similar in some respects to the provisions of section 17 of the Civil Practice Act.

The institution of a proceeding for an election against testamentary disposition is limited by the provision that the court may open a spouse's default after six months from the issuance of letters by authorizing '' the making of such election within a period to be fixed by order, provided no decree settling the account of the fiduciary has been made and provided further that twelve months have not elapsed since the issuance of letters.'' (Decedent Estate Law, § 18, subd. 7.) No decree settling the executrix' account has been made. The order to show cause was served within the aforesaid sixty-day period. The order sought is presumably to be made *nunc pro tunc* as of June 20, 1951, so as to come within the twelve-month period.

Section 113 of the Civil Practice Act reads '' An application for an order is a motion. A motion is made when a notice thereof or an order to show cause is duly served. '' Due service of the order to show cause was effected upon the interested parties after the expiration of the twelve-month period. While by the filing of the petition herein, the court acquired jurisdiction in rem (*Matter of Bemis,* 116 Misc. 516, 519), jurisdiction of the interested parties was obtained by service of the order to show cause (*Matter of Eno,* 111 Misc. 69). Subdivision 8 of section 18 of the Decedent Estate Law provides that '' Any question arising as to the right of election shall be determined * * * in a proceeding brought for that purpose after the service of citation upon the persons interested ''. This is an application to open a default and does not involve a determination (Surro-

gate's Ct. Act, § 145-a) of the right of election, hence a citation was not issued. The granting of the order to show cause upon the petition was not the grant of a provisional remedy (*Schram v. Keane,* 279 N. Y. 227) but was a substitute for and in the nature of a notice of motion to the interested parties. The order so granted did not institute the proceeding although the service of the order did (*Matter of Tombini,* 177 Misc. 148, affd. 262 App. Div. 956).

Section 10 of the Civil Practice Act reads " The provisions of this article apply and constitute the only rules of limitation applicable to a * * * special proceeding, except in one of the following cases: 1. A case where a different limitation is specially prescribed by law ". Subdivision 7 of section 18 of the Decedent Estate Law regulating the procedural steps in the assertion of the right to elect against a will provides " The limitations in this section regulating the time within which an election must be made are exclusive. No provision of law suspending or affecting the operation of rules of limitation shall be applicable to the time of making an election but the surrogate may, * * * permit an election to be made in behalf of an infant or incompetent ". The applicant is not an infant or incompetent. The quoted provisions were added by chapter 114 of the Laws of 1936, and the draftsman's note thereto with respect to competent adults states " This relief cannot be granted * * * after twelve months have elapsed since letters issued ". (See, also, *Matter of Paskievitz,* 184 Misc. 320.)

Where a statute gives a right unknown to the common law, and limits the time within which to assert it, the statutory limitation measures the extent and qualifies the nature of the right conferred (*O'Esau v. Bliss,* 188 App. Div. 385, 389; *Matter of Cheesman v. Cheesman,* 236 N. Y. 47). The rights conferred by section 18 of the Decedent Estate Law are a modification of the former common-law right of testamentary disposition (*Matter of Coffin,* 152 Misc. 619, 624). The time limitation is a special statute and is an integral part of the right conferred by the statute (*Matter of Keep,* 241 App. Div. 556, affd. 266 N. Y. 583; *Denise v. Welch,* 242 App. Div. 34). Should the filed petition be considered, however, as having commenced the proceeding (Surrogate's Ct. Act, § 48), that fact alone would not override the special statute and entitle the applicant to additional time beyond the twelve-month period to serve notice upon the interested parties (*Arnold v. Mayal Realty Co.,* 299 N. Y. 57).

The court not having acquired jurisdiction of the interested parties until subsequent to the expiration of the twelve-month period, it is without authority to grant an order *nunc pro tunc* as of the date of filing the petition (*Mohrmann* v. *Kob,* 291 N. Y. 181, 186; *Merrick* v. *Merrick,* 266 N. Y. 120, 122). The application is denied.

Submit order, on notice, accordingly.