William J. Regan, S.
This is a proceeding by the widow praying to be relieved of her default in making an election pursuant to section 18 of the Decedent Estate Law and to enlarge and extend her time to do so.
The will of the above decedent was duly admitted to probate by this court on October 6, 1965 and letters testamentary issued on that date to the Manufacturers and Traders Trust Company and John J. Sullivan, Jr., the executors named in the will. The *752 six-month period for filing of an election expired on April 6, 1966 but Nora Mescall, the surviving spouse, failed to file any notice of election on or before that time. Under section 18 of the Decedent Estate Law the Surrogate’s Court has power to relieve the spouse from a default and authorize the making of an election ‘ ‘ provided no decree settling the account of the fiduciary has been made and provided further that twelve months have not elapsed since the issuance of letters.” The petitioner’s application was filed in this court on September 7, 1966, about one month before 12 months since the issuance of letters testamentary. No decree of judicial settlement of the accounts has been filed to this date.
The court is impressed by the case of Matter of Ziegler (265 App. Div. 820, affd. 290 N. Y. 916) where it is stated: “ The Surrogate found on conflicting evidence that the lawyer for the estate was not acting as attorney for the widow and that no active fraud was practiced upon her. The Surrogate found and the evidence clearly established that the widow was familiar with the extent of the estate. The evidence, however, also clearly established that the appellant was not aware of her right to exercise an election or of the time within which she should act. She testified that she did not know and had not been informed and the lawyer for the estate says he did not inform her. In view of the social relations of the lawyer, the appellant and the decedent before the decedent’s death, and between the lawyer and the appellant after that time, it is understandable that the appellant might mistakenly believe that the lawyer was under a duty to advise her of her rights. He might well have done so. The relationship had the effect of obstructing or delaying inquiries by her elsewhere as to her rights. Since appellant within twenty-two days from the expiration of her time to elect moved to have her default opened, the circumstances indisputably evidenced a sufficient showing of * reasonable cause, ’ within subdivision 7 of section 18 of the Decedent Estate Law, to require that the appellant be relieved from her default, especially as no accounting had been filed at that time and the administration of the estate would not have been prejudiced.”
The facts therein may differ somewhat from the instant case but the court’s opinion therein meets this court’s approval. Testimony was taken with regard to the relationship between the petitioner and the attorney-executor. The attorney claimed he never represented the petitioner individually. Nevertheless, he had been the attorney for many years for the decedent and had performed legal duties for him which involved and concerned the petitioner in matters wherein decedent and petitioner *753 were partners in a liquor store and makers of joint income tax returns. There is no doubt there was some personal relationship. How close it was is a matter of dispute but the court believes that there are facts presented as to such relationship by which the widow-petitioner in her mind and in her opinion could reasonably have expected to be advised regarding her right of election against the will or to be told to seek legal counsel elsewhere.
The attorney-executor was the draftsman of the will. He stated specifically that he was of the opinion that the intent of the testator was expressed in the will and the disposition under the will was adequate, equitable and fair. As a matter of fact, great reliance is placed by said attorney-executor on this fact, and in his memorandum he argues that in his opinion there was no ‘ ‘ hardship or deprivation to the widow in the provisions of the will.” He also stated that he did not deem it reasonable to advise regarding the right of election, inasmuch as this would suggest that he was assuming that she 1 ‘ would wish to frustrate the plan of a will eminently fair and reasonable.” The intention of the testator as expressed in the will to see that his widow had one third of his estate, which would be comprised of not only distributable assets, but also jointly owned property, certainly did not meet with the minimum requirements of a will under section 18 of the Decedent Estate Law which would have the effect of barring a spouse from exercising her election.
There was also testimony that a trust officer, an employee of the other executor, had advised petitioner that she would receive “ six thousand dollars a year during her lifetime.” It would appear to be reasonable for petitioner to take a layman’s interpretation of that paragraph of the will setting up the trust, rather than to attempt to compute the value of the trust plan and to ascertain the proper duration thereof.
There are notes of the Legislature in the revision of section 18 (subd. 7) under the Laws of 1929, which state, “ the provisions shall be liberally construed to carry out the Legislature’s intention to enlarge the property rights of a surviving spouse.” It was at this time that the portion of section 18 of the Decedent Estate Law was enlarged to include a time after the six-month period for the relief of a spouse’s default in election.
Cases generally indicate that section 18 is to be construed liberally to give the surviving spouse adequate protection.
Neither the attorney nor the trust officer advised the petitioner to seek counsel.
As soon as practical after her consultation with an attorney, following the six-month period, this proceeding was instituted. *754 In all fairness, it would be difficult for this court to say that petitioner was aware of her rights or consciously waived such rights and, although not necessarily so intended, there appears to be the effect of lulling her into inaction.
For the above reasons the court will order that the petitioner be relieved from her default and that she be authorized to file an election within 10 days from the date of this order.