Laurence D. Wood, S.
This is a proceeding by the widow, Mary C. Kline, praying to be relieved of her default in making an election pursuant to section 18 of the Decedent Estate Law, and to enlarge and extend her time to do so.
The above-named decedent executed a last will and testament on December 24, 1963 and thereafter, on or about the 11th day of May, 1967, executed a “ Declaration of Trust ” to himself as trustee for the benefit of Paul Kline, his son, and further, during the year 1967, transferred a boat and a life insurance policy to his two daughters. The decedent made no provision for Ms wife in the above-mentioned trust.
The decedent died on the :22d day of June, 1967, leaving the above-mentioned last will and testament, said will being duly admitted to probate in this court on the 8th day of September, 1967, and further, on said date, this court issued letters testamentary to Mary C. Kline, the named executrix. Mary G. Kline thereupon duly qualified and thereafter acted and is still acting as said executrix.
Mary 0. Kline filed a petition in tMs court on the 6th day of September, 1968 praying that she be relieved of her default under section 18 of the Decedent Estate Law, and for an order extending her time to file a notice of election against her husband’s will.
It appears from the petition that the petitioner, in an action now pending in the Supreme Court, Onondaga County, has contested the validity of the transfers in trust hereinbefore mentioned and asks that they be set aside.
*28 The six-month period for filing of an election expired on March 6, 1968, but the surviving spouse failed to file any notice of election on or before that date. Under section 18 of the Decedent Estate Law the Surrogate’s Court has the power to relieve the spouse from a default and authorize the making of an election “ provided no decree settling the account of the fiduciary has been made and provided further that twelve months have not elapsed since the issuance of letters.”
There has not been a decree of judicial settlement of petitioner’s accounts, and her application was filed before the expiration of twelve months since letters testamentary were issued. Petitioner’s application is not barred by lapse of time. (Matter of Mescall, 51 Misc 2d 751; Matter of Matthews, 107 N. Y. S. 2d 172; Matter of Kupofsky, 202 Misc. 756.)
Petitioner alleges that the reason she did not file her notice of election within the six months from the date letters were issued was her belief, after the advice and counsel of her attorney, that the filing in the Surrogate’s Court of her notice to elect against her husband’s will to take her intestate share, might prejudice her position in the pending Supreme Court action. In that action, the petitioner alleges that the transfer in trust is invalid and, as such, her husband’s entire estate passes^ to her under decedent’s last will and testament. However, by the filing in the Surrogate’s Court of her notice of election, the position of the petitioner relative to the transfer in trust must, of necessity, be that the transfer in trust is valid and as such, those assets are to be considered as testamentary substitutes under section 18-a (subd. 1, par. [e]) of the Decedent Estate Law.
The remaining issue before this court is whether the petitioner has shown reasonable cause for her default. This issue is submitted to the sound judicial discretion of the Surrogate. (Matter of Geltman, 194 Misc. 704.)
Without passing on the merits of the action now pending in the Supreme Court relative to the validity of the transfer in trust, and after reading the pleadings and memoranda of law of the parties hereto, and having heard the allegations and arguments of counsel, and after due consideration and deliberation, I decide and find that the petitioner has made a sufficient showing of reasonable cause within section 18-d (subd. 2) of the Decedent Estate Law and, as there has not been a final judicial settlement of petitioner’s accounts, and the 12 months since letters testamentary were issued to petitioner had not elapsed, the petitioner is relieved of her default and authorized to file her notice of election pursuant to section 18 of the Decedent Estate Law, within 10 days from the entry of an order herein.