Wiuliam J. Regan, S.
Max Silverman died a resident of Erie County on May 7, 1971, leaving a last will and testament dated June 2, 1964, which made no provision for his surviving spouse, the petitioner herein, Hilda Silverman. Letters of administration with the will annexed were issued to the petitioner on March 20, 1972. Petitioner failed to file her right of election to take against the will within the six-month period after the issuance of letters to her. On March 19, 1973, one day before a full year had elapsed from the date of issuance of letters, petitioner filed an application with the court praying that she be relieved from her default in filing her election to take her elective share in the estate of her deceased husband and requesting an extension of her time to file her notice of election. On that same date, March 19, 1973, service of an order to show cause was effected on the respondents, Gerald Silverman and David Silverman. This matter was subsequently returnable before the court and the issue that has to be determined herein is whether the court may relieve the petitioner, Hilda Silverman, from her default in filing her election to take her elective share in the estate of her deceased husband, Max Silverman and allow her to file a notice of election after the expiration of the 12-month period following the issuance of letters of administration with the will annexed. EPTL 5-1.1 (subd. [e], par. [2]) reads as follows: “ The time to make such election may be extended before its expiration by an order of the surrogate’s court from which such letters issued for a further period not exceeding six months upon any one application. If a spouse defaults in filing such election within six months from the date of the issuance of such letters, the surrogate’s court may relieve the spouse from such default and authorize the making of an election within the period fixed by the order, provided that no decree settling the account of the personal representative has been made and that twelve months have not elapsed since the issuance of letters. An application for relief from a default and for an extension of time to elect shall be made upon a petition showing reasonable cause and on notice to such persons and in such manner as the surrogate may direct.”
Petitioner contends that she has met the requirements of the statute as concerns the procedure to be followed therein in order to effectively obtain the requested extension of time and cites in support thereof Matter of Kline (59 Misc 2d 27), Matter of Kupofsky (202 Misc. 756) and Matter of Mescall (51 Misc 2d *401 751 [decided by this court in 1966]). Petitioner contends that her failure to take the appropriate steps to file the notice of her right of election prior to the time of making her application herein was due to the fact that negotiations were entered into and discussions had in an effort to settle and compromise the right of election, and that settlement was anticipated prior to this time.
Respondents oppose the application herein and contend that compliance with the statute requires the actual filing of the notice of election within the 12-month period. In discussing the Kupofsky case, respondents state that the court concluded therein that the notice of election must be filed and served within the 12-month period following the issuance of letters and it is not enough that the application be filed and served within that period. This court does not agree with such interpretation. The distinguishing factor in the Kupofsky case is that service was made on the interested parties following the 12-month period. In the case at bar jurisdiction was obtained by this court over all the interested parties one day before the one-year period terminated. Respondents further argue that to construe the statute so as to permit the extension of time within which to file the notice of election upon application made and after jurisdiction is obtained prior to the termination of the one-year period is contrary to the policy regarding a Statute of Limitations. Here again, this court is of the opinion that the statute clearly spells out the procedure to be followed in acquiring the additional time that is sought and as long as such procedure is followed there is no violation of the statute. In Matter of Bornstein (199 Misc. 1043) cited by respondents for the proposition that the right of election of the surviving spouse has lapsed as no copy of the notice of election is on file at the expiration of the 12-month period, it is to be noted that this case too is distinguishable from the case at bar in that it does not involve the application of the statute providing for the extension of time for filing. In the Bornstein case, due to inadvertance on the part of the attorneys, nothing was filed with the court within the 12-month period. The proceeding herein does not involve an order, nunc pro tune, and the arguments thereto are deemed inappropriate.
In view of the above and under all the circumstances herein it is the decision of this court that the petitioner, Hilda Silver-man, be relieved from her default in filing her election to take her elective share in the estate of the decedent, Max Silverman, and that she be permitted to file a notice of election after the *402 expiration of the 12-month period following the issuance of letters of administration with the will annexed c. t. a. to her and that there be incorporated in this decision the direction of this court that such right of election, if any, be exercised by her by giving notice thereof to the interested parties within 10 days after the filing of an appropriate order embracing the decision herein.